(March  5, 1890.)

## TERRITORY v. NEILSON.

### [23 Pac. 537.]

PREJUDICIAL ERROR.—All errors which do not prejudice the party in his substantial rights must be disregarded; that he was prejudiced in any of his substantial rights will not be presumed when not shown.

INSTRUCTIONS TO QUIT—ADVISE JURY.—At the close of the testimony for the prosecution the defendant moved the court to instruct the jury to acquit, which motion the court denied. Held, that such an instruction would have taken the facts from the jury, which the court cannot do, as it can only advise the jury.

TESTIMONY—WAIVER.—Where a defendant introduces testimony after a motion to instruct the jury to return a verdict of not guilty is denied, he waives his right to assign as error the order denying such motion.

APPEAL from District Court, Bear Lake County.

Smith & Smith, for Appellant.

Hearsay testimony and evidence of character on the part of the prosecution is not admissible. (*Mima Queen v. Hepburn,* 7 Cranch, 290; *Davis v. Wood,* 1 Wheat. 6; *Regina v. Turberfield,* 10 Cox C. C. 1; *State v. Thurtell,* 29 Kan. 148; *People v. Fair,* 43 Cal. 137; 1 Phillips on Evidence, 644; *State v. Lapage,* 57 N. H. 289; *Cheney v. State,* 7 Ohio, 222.) Where an act may be either guilty or innocent, and there is no proof as to which it is, or where a business may be lawful or unlawful, and there is no proof as to which it is, then it is clear that the presumption is that it is lawful or innocent, as the case may be. (1 Greenleaf on Evidence, secs. 34, 35; Roscoe's Criminal Evidence, \*17.) If error appears in a record, injury will be presumed, unless the contrary clearly appears from the record. That injury might possibly have resulted from erroneous ruling as to evidence and instructions is ground for reversal. (*Leonard v. Kingsley,* 50 Cal. 628; *Smith v. O'Hara,* 43 Cal. 375; *People v. Murphy,* 47 Cal. 103; *People v. Stanley,* 47 Cal. 114, 17 Am. Rep. 401; *Ponce v. McElvy,* 51 Cal. 222; *Estate of Toomes,* 54 Cal. 509, 35 Am. Rep. 83; *People v. Furtado,* 57 Cal. 345; *MacDougall v.*

*Railroad Co.,* 63 Cal. 431; *People v. Casey,* 65 Cal. 260, 3 Pac. 874.) That injury was highly improbable from the error will not prevent the reversal. (*Chapman v. Quinn,* 56 Cal. 279.) The burden of showing immateriality of error is upon the respondent. The showing must be conclusive in a criminal case. (*People v. Ybarra,* 17 Cal. 166.)

Richard Z. Johnson, Attorney General, for the Territory.

Mere technical errors are not enough to produce a reversal, but it must be such error as produced injury to the substantial rights of the defendant, and upon him is cast the burden of showing it. (*People v. Brotherton,* 47 Cal. 388, 404; *People v. Smith,* 59 Cal. 604; *People v. Johnson,* 71 Cal. 387, 12 Pac. 261; *People v. Turley,* 50 Cal. 471; *People v. Nelson,* 56 Cal. 82; *People v. Olsen,* 80 Cal. 122, 22 Pac. 126.) All intendments are in support of the judgment of the court below, and error is not to be presumed by the court here, but must affirmatively appear in the record. (*People v. Williams,* 45 Cal. 27; *People v. Brotherton,* 47 Cal. 389; *People v. Leong Sing,* 77 Cal. 117, 19 Pac. 254; *People v. Hope,* 62 Cal. 295; *People v. Winters,* 29 Cal. 661.) A general objection to evidence is not sufficient, but the particular grounds of objection must be stated. The party must lay his finger on the very point of objection. (*People v. Chee Kee,* 61 Cal. 404; *People v. Manning,* 48 Cal. 335; *People v. Apple,* 7 Cal. 289; *People v. Glenn,* 10 Cal. 32; *Martin v. Travers,* 12 Cal. 243; *Leet v. Wilson,* 24 Cal. 399; *Winans v. Hassey,* 48 Cal. 635.) The court has no right to give peremptory instruction in a criminal case. (Rev. Stats., sec. 7855, subd. 6; Rev. Stats., sec. 7877; *People v. Horn,* 70 Cal. 17, 11 Pac. 470.) The bill of exceptions nowhere states that the evidence therein set forth is all the evidence had at the trial, and there is no presumption here that it contains all, but the presumption will be that the necessary evidence was given at the trial. (*People v. Leong Sing,* 77 Cal. 118, 19 Pac. 254; *People v. Marks,* 72 Cal. 46, 47, 13 Pac. 149; *People v. Huff,* 72 Cal. 118, 13 Pac. 168.)

BEATTY, C. J.—The appellant was indicted for unlawful fishing alleged to have been done in Bear Lake county. At the

close of the people's testimony the appellant moved the court to instruct the jury to render a verdict of acquittal, which motion was overruled. The appellant then introduced testimony in his behalf, and thereafter the jury found a verdict against him, upon which judgment was rendered, from which he has taken his appeal to this court.

The appellant has assigned numerous alleged errors based upon the ruling of the court on the introduction of the evidence. All such alleged errors must be considered in the light of our statute, adopted from the California code, which is to the effect that all errors and mistakes in proceedings which do not prejudice the party in his substantial rights must be disregarded. Under this statute, which seems without ambiguity, it has frequently been held that errors which are not shown to have damaged the party complaining must be disregarded. The criticisms are largely to the admission of questions to which answers were not made, or were not against appellant, or were stricken out. There was also testimony to the effect that appellant had the reputation of being a fisherman. It is not conceded that a party can be convicted of an offense by testimony of general reputation that he has committed it; but the appellant was not charged with any offense of being a fisherman, nor is it an offense, nor does testimony of his reputation as such damage him. We do not think any of the alleged errors based upon the introduction of the testimony are shown to have damaged the appellant. That he was prejudiced in any of his substantial rights will not be presumed when not shown.

It is also claimed the testimony is not sufficient to justify a conviction. The only testimony before us is that introduced by the people, and, as it appears in the record, it is not sufficient. Had appellant rested upon that testimony, and brought it before us in the proper mode for its consideration, a reversal, probably, would be justified; but, instead, he proceeded with the introduction of testimony in his defense. That is not here. We do not know what it was. He may have convicted himself, as has frequently happened with defendants. At any rate, the jury, upon all the evidence, found him guilty, and we cannot interfere.

At the close of the people's testimony, appellant moved the court to instruct the jury to return a verdict of not guilty, which motion the court overruled; and this is assigned as error. Our statute (section 7877) is adopted from the California code, and provides the court may advise the jury to acquit. By another section (7855, subdivision 6) it is directed the court "must not charge the jury in respect to matters of fact." Had the court given the peremptory instruction asked, it would, in violation of this provision, have taken the facts from the jury. It is held in *People v. Horn,* 70 Cal. 18, 11 Pac. 470, that this the court cannot do, and that it can only advise the jury. Whether, when the court is satisfied the testimony is not sufficient, it must advise the jury to acquit, regardless of the form of defendant's motion, or whether, when there is any evidence tending against the defendant, the court may, in its discretion, leave the question to the jury, we need not now consider nor decide.

After appellant's motion for the peremptory instruction was overruled, he, by introducing his testimony, waived his right to assign as error the order overruling his motion, as is held in civil cases by authority which is controlling with us. (*Railway Co. v. Cummings,* 106 U. S. 700, 1 Sup. Ct. Rep. 493; *Insurance Co. v. Crandal,* 120 U. S. 530, 7 Sup. Ct. Rep. 685.) Our statute (section 7864) provides: "The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code." We think, under our statute, the authorities above control in this case; and the judgment of the lower court is affirmed.

Berry, J., concurs.

SWEET, J., Dissenting.—I dissent from the opinion of the court. When the prosecution rested, there was not, in my judgment, sufficient evidence to warrant or sustain a conviction. The prosecution having failed to prove the guilt of the accused, the latter had a perfect right to invoke the statute. After the court refused to advise an acquittal, the defendant excepted, and offered testimony in his own behalf. It is urged in support of the judgment (1) that defendant moved for an instruction to acquit—an instruction which the court was not authorized to

give; (2) that, by introducing testimony in his own behalf, he waived his exception; and (3) that the evidence is not all here. I shall consider these points as here presented.

1. The prosecution examined several witnesses, and rested. The defendant then moved the court to instruct the jury to bring in a verdict of acquittal. It is proper to state that the exact language of the motion, which was evidently made in open court, and not reduced to writing, does not appear in the transcript. On page 10 we find the following statement: "The defendant, by his counsel, here moved the court to instruct the jury to return a verdict of not guilty, which motion was by the court overruled." On page 49 of the transcript the motion is presented in this form: "Defendant now moves the court to instruct the jury to render a verdict of acquittal." I quote the two statements as they appear in the transcript for the purpose of showing that the exact words embodied by the defendant in his motion do not appear in the record. This is not material, however, as the substance of both motions is the same. Section 7877 of the Penal Code is as follows: "If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant; but the jury are not bound by the advice." The court overruled the defendant's motion asking for an instruction to acquit. There is nothing to indicate that the action of the court was governed by any informality in the language of the motion. If, in the judgment of the court, the evidence was such as to warrant it in submitting the case to the jury, it was its duty to overrule the motion. If, on the other hand, the prosecution had failed to establish the charge made in the indictment, it was the duty of the court to advise the jury to acquit. I believe that the exercise of such a discretion is subject to review. The attorney general urges that "the court had no right to give the peremptory instruction in a criminal case as asked at page 10 of the transcript." It is true the court had no right to give the peremptory instruction to acquit, but no court would presume that the motion was overruled by the court below by reason of the fact that the word "instruct" was used by the attorney who made the motion in place of the word "advise." It is proper enough for lawyers to deal in technicalities. By the discussion of tech-

nical rules, and the attempt to maintain a strict, technical con-
struction of the language of the statute, and the efforts, on the
other hand, to obtain a broad and liberal construction of a law,
a just and equitable medium of practice is established and main-
tained. It is, therefore, presumed that, in overruling the mo-
tion asking for an instruction to acquit, the court intended to
overrule a motion asking it to "advise" the jury to acquit. I
shall therefore consider whether or not the court erred in refus-
ing to grant the motion.

When the prosecution rested, I do not think the state had in-
troduced evidence upon which any person could be legally con-
victed of a crime. I think it follows that the defendant was
entitled to the instruction, and that the court erred in not giving
it; not because the defendant's attorney, careless of the language
he used, asked the court to "instruct" instead of "advise," but
because the prosecution had utterly failed to make out a case.
It was not an instruction to be given or withheld at the discre-
tion of the court. In the absence of evidence to warrant a con-
viction, it must be given. To refuse the instruction was to give
the sanction of the court to the conviction of the defendant
without evidence to justify it; and the jury would have a right
to suppose that, under the law, the evidence was sufficient to
warrant a conviction. Certainly, such an act on the part of the
court would interfere with the substantial rights of the defend-
ant if, as a matter of fact, the evidence given would not warrant
a conviction. Whenever a defendant asks an instruction of that
character, he accepts the results that may follow a refusal on
the part of the court to grant it. If, therefore, his request is
refused, and the reasons therefor are sufficient, and he is preju-
diced because of the order, the resulting misfortune is his own
fault; but it does not justify the court in refusing the instruc-
tion asked for, if the *status* of the case demands it. The case
cited by the attorney general (*People v. Horn,* 70 Cal. 17, 11
Pac. 470) simply declares that the court was not authorized to
give the jury a peremptory instruction to acquit, but says the
court was authorized to advise an acquittal. The theory of the
law is that a man is innocent until he is proven guilty. This
in very many cases is a fiction, and it not infrequently happens
that a person brought into court is required to prove his inno-

cence. But the old theory is still the law, and while the personal liberty of the citizen is the paramount consideration of government it will continue to be the law. By refusing the instruction, when warranted, the court forces the prisoner either to go to the jury with a declaration by the court to the effect, in substance, that the evidence already given warrants a conviction, or, in most instances, to testify in his own behalf; in other words, forces him to prove his innocence.

The attorney general urges that the court was not authorized to advise the jury to acquit under subdivision 6, section 7855, which reads that the court must not charge the jury in respect to matters of fact. We do not apprehend that section 7877 is at all in conflict with the provisions of section 7855. Section 7877 distinctly states that the jury is not bound to act upon the advice given by the court; and, if the court were to advise the jury to acquit, it would be the duty of the court to state that the jury were at liberty either to accept or reject its advice. The fact remains, however, that when a person is charged with crime he must be convicted by legal evidence. The jury pass judgment as to the facts. This is an authority upon which the court dare not trespass. On the other hand, the evidence upon which a person is convicted must be legal evidence; and as to whether or not the evidence tendered is sufficient, under the law, to warrant a conviction, the court, on the last appeal, is the absolute judge. The statute provides that, if the court deems the evidence insufficient to warrant a conviction, it must so advise the jury. If there is, practically, no evidence of guilt, it is not a matter of discretion with the court. Therefore, when the prosecution rested in this case, it was the duty of the court to advise the jury to acquit, regardless of any trifling mistake the attorney may have made in using one word for another. As well say that a court will refuse to dismiss an indictment, when sufficient reasons are given, because the prosecutor, following the old form, asks for a *nolle prosequi* instead of a dismissal.

2. It is urged that the defendant waived his exception to the order of the court under the rule laid down in *Insurance Co. v. Crandal,* 120 U. S. 530, 7 Sup. Ct. Rep. 685, and in *Railway Co. v. Cummings,* 106 U. S. 700, 1 Sup. Ct. Rep. 493. The language of the court in the latter case (106 U. S. 701, 1 Sup. Ct.

Rep. 494) is as follows: "It is undoubtedly true that a case may be presented in which the refusal to direct a verdict for the defendant at the close of the plaintiff's testimony will be good ground for the reversal of a judgment on a verdict in favor of the plaintiff, if the defendant rests his case on such testimony, and introduces none in his own behalf; but, if he goes on with his defense, and puts in testimony of his own, and the jury, under proper instructions, finds against him on the whole evidence, the judgment cannot be reversed, in the absence of the defendant's testimony, on account of the original refusal, even though it would not have been wrong to give the instruction at the time it was asked." If the rule laid down in this case applies to the section before referred to from our Penal Code, and to the rules of criminal practice in this territory, the discussion would be ended and the question settled, so far as this court is concerned. Subdivision 5, section 4354 of the Code of Civil Procedure, under which an action may be dismissed or a judgment for nonsuit entered, gives the conditions under which a nonsuit may be had as follows: "By the court upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case for the jury." The decision of the supreme court before referred to would, unquestionably, control the method of procedure under this section; but let us place the section from the Penal Code by the side of section 4354 of the Code of Civil Procedure, and note how marked the contrast: "If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant." This is simply declaratory of one of the principles of the common law—namely, that the guilt of the accused must be proven. In civil cases the court "may," "upon motion," grant the order; under the Criminal Code, the court "must" make the order, without motion, if the condition specified exists. In the case at bar, if the evidence was not sufficient to sustain a conviction, when the prosecution rested, the defendant, under this statute, was authorized to call upon the court for its enforcement; and if, in the judgment of the appellate court, the evidence at that time warranted the request, the prosecution having failed to prove the guilt of the accused by legal evidence, the presumption of innocence and the

peremptory statute entitled him to that instruction. Evidence that would justify the court below in sending a civil case to the jury in the exercise of its discretion would be one thing, and evidence that would warrant a conviction of a person accused of a crime would be an entirely different thing. The distinction between the two, however, is no more clearly marked than the difference in the two statutes. This construction of the statute, and the rights of the accused under it, are also in harmony with the principles of the common law, which it is intended to modify; and, under the rules of construction, we cannot pass one step beyond the point to which the statute authorizes us to go. Taking this view of the question, it matters little whether, in asking the enforcement of the statute, defendant's counsel used the word "advise" or "instruct"; for, in the absence of evidence to warrant a conviction, it was the duty of the court, under the positive mandate of the statute, to advise the acquittal, whether the defendant asked it or not. The section referred to leaves the common law in force to that extent. Under the common law, the defendant was not heard either in person or by counsel. The case was brought before the court, and the state offered its evidence. If, under that evidence, his guilt was not established, the prisoner was discharged. With the exception of the old presumption still existing in favor of the accused, nothing remains of the old principle except this: "If the evidence does not warrant conviction, the court must advise acquittal." The mandate to obey what is left is as imperative as if the principle of the common law, and the practice under it, had never been modified at all. This is the only power left the court under which it may shield the prisoner in meritorious cases; but it is a positive right left the accused from the common-law practice, and must be exercised under the statute.

Let us consider the matter from the standpoint of another well-known principle. The ruling of the court was, in substance, a declaration to the effect that evidence had been given sufficient to warrant a conviction. If, under the legal effect of legal evidence, this was error, the rights of the accused were seriously and unlawfully injured. He was accused, arrested, and the state presented its evidence of guilt. He was in jeopardy. And, when the state rested, if the evidence was insuffic-

ient to warrant his being longer held, under the law and the statute that jeopardy was legally at an end, to the extent that the court "must," not "may," advise the jury to acquit; and it was defendant's right to invoke the statute. If the court deny the motion, the accused, if able, may rest and appeal to a higher court. If the accused is poor, he has but this alternative: to go to the jury in the face of this declaration on the part of the court, or attempt to show his innocence both to the court and jury. To testify in his own behalf is his only hope; and thus, if the court err, it ultimately forces the defendant to the witness-stand, and indirectly enforces and continues his jeopardy. In other words, the prosecution having failed to prove the guilt of the accused, the latter must still come forward, and prove his innocence.

3. It is also urged that the evidence is not all here. The presumption is that the transcript contains all of the evidence bearing upon the objection made by the defendant. It is too late for the respondent to object to the transcript. The Idaho statute, under which a bill of exceptions is prepared in criminal cases, was taken from the California Penal Code, and the principle in issue has been repeatedly passed upon by the supreme court of that state. In the case of *People v. English,* 52 Cal 211, the same question was raised that is presented here. The court held that a bill of exceptions, in a criminal case, is presumed to contain all the evidence given at the trial bearing upon the point of the objection, and that, if the bill of exceptions prepared by the defendant in a criminal case does not contain all the evidence given, bearing on the point made, the district attorney should be permitted to suggest an addition to the bill of such evidence; but the appellate court cannot take his suggestion that such evidence was given. It is the duty of the district attorney to see that the evidence is here. This principle was confirmed in *People v. Dye,* 62 Cal. 524. It is urged that, under our statute, the rules of evidence in civil and criminal cases are the same, except as otherwise provided by the code. That is true. This is not, however, a question of admission of evidence. It is a question of practice, and it is also a question of law; and I do not see that this rule of evidence has any bearing whatever on the issue at bar.

I must conclude that the court erred in declining to advise an acquittal, and that it was such an error as to interfere with the substantial rights of the defendant: It was such an error as might result in the conviction of an accused person through prejudice. In other words, under the evidence, it was an error that might prompt a jury to convict an innocent man, under the apparent sanction of the court, without evidence to warrant or sustain the conviction.