(April 5, 1906.)

## STATE, Respondent, v. JOHN WRIGHT, Appellant.

[85 Pac. 193.]

APPEAL WHEN DISMISSED—NOTICE OF INTENTION TO MOVE FOR NEW TRIAL—EFFECT—INSTRUCTIONS WHEN NOT OBJECTIONABLE—SUFFICIENCY OF EVIDENCE.

1. Under the provisions of section 7953 of the Revised Statutes, where a defendant serves and files his notice of intention to move for new trial, and states therein the grounds upon which his application is based, and the trial court or judge and respective counsel treat such notice as an application for a new trial, this court will so treat it, and not dismiss the appeal on the ground that a formal application was not made.

2. Evidence examined and held sufficient to sustain verdict.

3. An instruction that leaves the questions of fact to be found by the jury and only suggests the law applicable in case they find certain facts to exist, is not objectionable on the ground that it assumes that certain facts do exist.

4. Under the provisions of section 7877 of the Revised Statutes, it is not error for the court to refuse to instruct the jury to find the defendant not guilty; the court may advise the jury to acquit the defendant, but the jury is not bound by such advice.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District for Washington County. Hon. Frank J. Smith, Judge.

Defendant was convicted of the crime of grand larceny, and appealed from the judgment and order overruling a motion for new trial. *Affirmed.*

Frank Harris, for Appellant.

There being no evidence that the defendant was connected with the branding, there was no evidence of a taking by him. (*Black v. State,* 38 Tex. Cr. App. 58, 41 S. W. 606.)

In order to warrant a conviction of crime on circumstantial evidence, the circumstances taken together should be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused, and no one else, committed the offense charged. (*Carlton v. People,* 150 Ill. 181, 41 Am. St. Rep. 346, 37 N. E. 244; *State v. Nesbit,* 4 Idaho, 548, 43 Pac. 66; *State v. Burke,* 11 Idaho, 420, 83 Pac. 228.)

Instruction No. 11 is erroneous in that it assumes the existence of facts not proven; it assumes that there was evidence given that the defendant was seen in the possession of the property soon after it was stolen, while there is no such evidence in the record, neither is there any evidence as to when the animal was stolen, if ever stolen at all.

Instructions which assume that there is evidence before the jury tending to prove material facts, when in fact there is no such evidence, are improper and generally erroneous. (Hughes' Instructions to Juries, sec. 192, and cases there cited.)

The twelfth instruction is error for the reason the judge told the jury, in effect, what he understood the evidence to be on this point. (*People v. Mathai,* 135 Cal. 442, 67 Pac. 694.)

J. J. Guheen, Attorney General, and Edwin Snow, for Respondent.

The provision of section 7953 of the Revised Statutes has been wholly violated by the appellant in the motion for a new trial in the court below, and the appeal from the order overruling the motion for a new trial should be dismissed.

An application for a new trial must be made in a criminal action within ten days after verdict, and a notice of intention to move for a new trial is not an application for a new trial. (*State v. Smith,* 5 Idaho, 291, 48 Pac. 1060; *State v. Dupuis,* 7 Idaho, 614, 65 Pac. 65; *State v. Rice,* 7 Idaho, 762, 66 Pac. 87.)

The bill of exceptions must be stricken from the files, because it was never settled, as a bill of exceptions to the order of court overruling the motion for a new trial, as provided in section 7944 of the Revised Statutes. (*State v. Smith*, 5 Idaho, 291, 48 Pac. 1060.)

The bill of exceptions cannot be retained and considered on the appeal from the judgment. (*Cosgrave v. Howland*, 24 Cal. 457; *Free v. Starr*, 13 Cal. 170; *Lower v. Knox*, 10 Cal. 480; *Burdge v. Gold Hill Water Co.*, 15 Cal. 198; *Williams v. Rice*, 12 Nev. 234.)

There is nothing before this court but an appeal from the judgment, with no statement on such appeal. That being the case, the court will assume that the evidence was sufficient to warrant the verdict, and will further assume that the trial court's charge to the jury was pertinent to the facts proved on the trial. (*People v. Williams*, 2 Idaho, 366, 16 Pac. 552; *People v. Woods*, 2 Idaho, 364, 16 Pac. 551.)

Even if the statement on motion for a new trial may be considered on the appeal from the judgment, the scope of review which could at most be had would be that provided for in section 7940 of the Revised Statutes. (See *State v. Smith, supra*.)

It was the duty of the court to refuse the peremptory instruction asked for by defendant to the effect that the jury find the defendant not guilty. (*Territory v. Neilson*, 2 Idaho, 614, 23 Pac. 537; *People v. Horm*, 70 Cal. 17, 11 Pac. 470.)

The instructions objected to, numbers 11 and 12, cannot be reviewed by the court, for the reason that these being instructions given by the court of its own motion, the record must show that they were excepted to before verdict. (*State v. Schieler*, 4 Idaho, 120, 37 Pac. 272; *State v. Hurst*, 4 Idaho, 345, 39 Pac. 554.)

STOCKSLAGER, C. J.—Appellant was charged with the crime of grand larceny in the district court of Washington county, to wit: "That the said John Wright on or about the fifteenth day of May, 1905, in the county of Washington,

state of Idaho, then and there one bay horse, the same being the personal property of W. M. Pearson, did unlawfully and feloniously steal, take, lead and drive away—contrary to the form, force and effect of the statute in such cases made and provided, and against the power, force and dignity of the state of Idaho.''

To this information defendant plead not guilty; a trial was subsequently had, which resulted in a verdict of guilty. Defendant moved for a new trial, which was overruled. The appeal is from the order overruling the motion for a new trial and from the judgment. Learned counsel for appellant assigned two errors, to wit: 1. ''That the court misdirected the jury in matters of law, and erred in the matter of decisions of questions of law arising in the trial of the cause.'' 2. ''That the verdict is contrary to law and the evidence.''

Counsel for respondent moved to dismiss the appeal from the order of the court denying a new trial, and also to strike the bill of exceptions from the record for the reason that appellant did not comply with section 7953 of the Revised Statutes of 1887, by making his application for a new trial within ten days after verdict. This section provides: ''The application for a new trial may be made before or after judgment; and must be made within ten days after verdict, unless the court or judge extends the time.''

The verdict was rendered on November 1st, and on November 3d the defendant served and filed what is designated ''notice of motion for new trial,'' wherein he stated all the grounds upon which he thereafter moved the court for a new trial and addressed the notice to the district judge and the prosecuting attorney in and for Washington county. On the same date, the prosecuting attorney entered a stipulation with defendant's counsel for an extension of time for a period of sixty days in which to prepare and present a bill of exceptions, and on the same date the trial judge made and entered an order to the same effect. It is clear and undisputable, we think, that the prosecuting attorney, district judge, and all parties to this action understood the so-called ''notice of mo-

tion for new trial" as amounting to an "application for a new trial" within the meaning of section 7953 of the Revised Statutes. Had they not so understood it, there would have been no use or object in granting an extension of time for the settlement of "a bill of exceptions and statement of the case on motion for a new trial" as was done by the trial court. The foregoing views are also re-enforced by the fact that the prosecuting attorney made no objection whatever to the consideration of defendant's motion for a new trial when the same was formally made, on the ground that the same had not been made within the statutory time. The contention which is here made by the attorney general for the first time in this court was never presented to the trial judge nor urged in any manner until the case was called for hearing in this court. We are admonished by section 8070 of the Revised Statutes that in the hearing of criminal cases on appeal "the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." This section has been time and time again invoked by this court against defendants who were relying on mere technical objections, and we can see no reason why the same statute is not as clearly applicable to and enforceable against the state when it urges a mere technical variance from the statutory requirements which appears neither to have misled nor prejudiced the rights of the people in any respect whatever. It is clear to my mind that the appeal from the order denying defendant's motion for a new trial should not be dismissed. Section 8056 of the Revised Statutes provides that "If the appeal is irregular in any substantial particular, but not otherwise, the appellate court may, on any day and term, on motion of the respondent upon five days' notice, accompanied with copies of the papers upon which the motion is founded, order it to be dismissed." The objection urged here does not amount to a substantial irregularity. It makes no difference what a party litigant calls a paper or document he files in legal proceedings; the court will look to the purpose, effect and object of the document.

The notice given by defendant in this case advised the state beyond all peradventure that he would formally move for a new trial as soon as he could get his bill of exceptions and statement prepared and settled. And in pursuance of this notice, he prepared, served and presented his statement, procured the settlement of the same, and thereupon made his formal motion for a new trial. The rule announced in *State v. Smith,* 5 Idaho, 291, 48 Pac. 1060, will be so modified as to hold that where a notice of intention to move for a new trial is made within the statutory time and contains the grounds of the application and is treated by the trial court and respective counsel as an application for new trial, it will be so treated on appeal.

The insufficiency of the evidence to sustain the verdict is assigned as error. On an examination of the evidence we conclude that there was sufficient to support the verdict.

The giving of instructions 11 and 12 is assigned as error. Instruction 11 is as follows: ''Possession of property recently stolen is not evidence sufficient of itself to warrant a conviction. It is merely a circumstance to show guilt, which, taken in connection with other evidence, is to determine the question of guilt. If, however, the jury believe, beyond a reasonable doubt, that the property described in the information was stolen, and was seen in the possession of the defendant shortly after being stolen, the failure of the defendant to account for such possession or to show that such possession was honestly obtained, is a circumstance tending to show his guilt; and the defendant is called upon to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such.''

The twelfth instruction reads: ''The court instructs you that in order to find that the property described in the information was in the possession of the defendant, for the reason that it was found in the possession of Zibe Morse and Thomas Jackson, if you find that it was in their possession, then you must find that the said Zibe Morse and Thomas Jackson were au-

thorized and directed by the defendant to take possession of said property described in the information for and on behalf of said defendant, and as the property of said defendant." We think that those instructions correctly state the law, and there was no error in giving them. They should not, however, be used as a model, as they are not as clear as they might be drawn, and might tend to confuse. The court does not assume by either instruction that the evidence shows any particular fact; both are conditional, and leave the question of fact in each instance for the jury to determine, and suggest the law to be applied in case they find certain facts to exist.

Counsel for appellant also submitted a peremptory instruction for the consideration of the court to be given to the jury, which was in effect to return a verdict of not guilty, and urges that the court erred in not giving this instruction. There are two reasons why the court did not err in refusing to give that instruction: 1. In criminal cases, the court is not authorized to direct the jury to return a verdict of not guilty, but may so advise, which advice the jury may decline to follow. (Rev. Stats., sec. 7877; *Territory v. Neilson*, 2 Idaho, 614, 23 Pac. 537.) And, 2. The evidence was sufficient to sustain the verdict.

The judgment is affirmed.

Ailshie, J., and Sullivan, J., concur.