(May 5, 1908.)

STATE, Respondent, v. ROY CLARK PECK, Appellant.

[95 Pac. 515.]

EVIDENCE—BILL OF EXCEPTIONS—INSTRUCTIONS—REVIEW—ADMISSION TO BAIL.

1. In order to present to this court for review the evidence in a criminal case, or the rulings and decisions of the court in admitting or rejecting evidence, it is necessary to incorporate in a bill of exceptions so much of the evidence as is necessary to present the questions of law upon which the exception is based.

2. This court will not review comments of the prosecuting attorney upon the evidence, or, as to what has been proven and what not proven, in the absence of the evidence.

3. To authorize this court to review the instructions given by the court upon its own motion, such instructions must be presented to this court by proper bill of exceptions, either incorporating the instructions given, or the exception with a proper identification of such instructions, showing that the exception was taken at the time the instructions were given.

4. This court will not review an instruction advising the jury as to acquittal in the absence of the evidence.

5. An instruction directing a jury to acquit is erroneous, as the court is only authorized to advise the jury.

6. Where the court has fully and fairly instructed the jury upon a question of law, it is not error to refuse an instruction submitted by the defendant covering the same proposition of law.

7. An instruction which invades the province of the jury and directs them with reference to questions of fact, is erroneous, and the court commits no error in refusing to give the same.

8. The refusal of the trial court to admit a defendant to bail cannot be reviewed upon an appeal from the judgment.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Judgment of conviction of grand larceny. *Affirmed.*

Clay McNamee, for Appellant.

The court erred in refusing to give defendant's requested instruction No. 3, or the substance thereof, to the effect that the presumption arising from possession alone is completely removed by the good character alone of the defendant. (*People v. Hurly,* 60 Cal. 74, 44 Am. Rep. 55.) The court erred in refusing to advise the jury to acquit the defendant on the ground of the insufficiency of the evidence. (*People v. Hurly,* 60 Cal. 77, 44 Am. Rep. 55; *People v. Noregea,* 48 Cal. 123; *People v. Chambers,* 18 Cal. 383; *People v. Ah Ki,* 20 Cal. 180.)

J. J. Guheen, Attorney General, and B. S. Crow, for Respondent.

There is no statutory provision for bringing the evidence before this court unless it be included in a bill of exceptions. (*People v. Waters,* 1 Ida. 560; *People v. O'Conner,* 1 Ida. 759; *People v. Woods,* 2 Ida. 364, 16 Pac. 551; *People v. Williams,* 2 Ida. 366, 16 Pac. 552; *State v. Hendel,* 4 Ida. 88, 35 Pac. 836; *People v. Brown,* 48 Cal. 253; *People v. Dye,* 62 Cal. 523.)

The fourth assignment of error is predicated upon a certain instruction given by the trial court upon its own motion; but the record discloses that no exception was taken to such

instruction, and it cannot, consequently, now be considered. (*State v. O'Donald,* 4 Ida. 343, 39 Pac. 556; *State v. Hurst,* 4 Ida. 345, 39 Pac. 554; *People v. Biles,* 2 Ida. 114, 6 Pac. 120; *State v. Suttles,* 13 Ida. 88, 88 Pac. 238; *State v. O'Brien,* 13 Ida. 112, 88 Pac. 425.) At the trial, the defense moved the court to "instruct the jury for a verdict of not guilty," which the court had no right to do. The court can only advise the jury to acquit. (*Territory v. Neilson,* 2 Ida. 614, 23 Pac. 537; *State v. Wright,* 12 Ida. 212, 85 Pac. 493; sec. 7877, Rev. Stat.) To have given instruction No. 3, requested by defendant, would have been to invade the province of the jury by instructing upon the weight of the evidence. The court cannot instruct that one fact offsets another. (*People v. Cline,* 74 Cal. 575, 16 Pac. 391; *Reed v. State,* 54 Ark. 621, 16 S. W. 819; *Tomerlin v. State* (Tex. Cr. App.), 26 S. W. 624.)

STEWART, J.—The defendant was convicted of the crime of grand larceny. He moved for a new trial, which was denied, and this appeal is from the order denying the motion for a new trial and from the judgment. The appellant assigns ten errors, the first of which relates to the admission of certain portions of the evidence of a witness introduced by the state. The second relates to the acts of the court in sustaining objections to certain questions asked a witness upon cross-examination by counsel for the defendant. The third relates to remarks made by the prosecuting attorney during his argument. The fourth relates to an instruction given by the court on his own motion. The fifth, sixth, seventh and eighth relate to the refusal to give certain instructions asked for by the defendant. The ninth relates to the entering of judgment on the verdict. The tenth relates to the refusal of the court to admit the defendant to bail after sentence.

The attorney general contends that this court cannot consider any matters relating to the evidence, for the reason that the transcript does not show that the evidence, to which objection was made, was incorporated in a bill of exceptions, and for that reason it does not appear what testimony was

offered and what rejected, or that the trial judge ever saw, approved, settled or allowed a bill of exceptions containing the evidence set forth in the transcript as the evidence in said case. This objection is well taken.

The transcript in this case first shows the appearances, the filing of the information, the allowance of time in which to prepare a statement on motion for a new trial, and then follows what purports to be evidence given upon said trial; but it does not appear at any place that the evidence was given, or that it was settled or allowed by a bill of exceptions, or identified by the trial judge as evidence given in said cause.

After the evidence is set out, then comes what counsel designates as a bill of exceptions, entitled as follows: "Bill of Exceptions. Comes now the defendant, Roy Clark Peck, by and through his counsel, Edgar G. Riste and Clay Mac-Namee, and present and set forth the following bill of exceptions on his motion for a new trial herein, which are as follows"; then follows certain statements purported to have been made by the prosecuting attorney, and purported objections and exceptions thereto by counsel for defendant; then the instructions given by the court on his own motion, followed by instructions 1, 2, 3 and 4, requested by counsel for defendant and refused by the court. The verdict, judgment, notice of motion for bail pending appeal and certain affidavits in support of the same, assignments of error, and a certificate of the trial judge as follows: "Entire and foregoing bill of exceptions on motion for a new trial is hereby settled and allowed as a true bill of exceptions of the case herein." So it does not appear that the purported evidence contained in the transcript was incorporated in or made a part of the record by bill of exceptions.

Rev. Stat., sec. 7940, among other things, provides:

"That on the trial of an indictment (which includes a trial upon information), exceptions may be taken by the defendant to a decision of the court. 2. In admitting or rejecting testimony, or in deciding any question of law not a matter of discretion, or in charging or instructing the jury upon the law on the trial of the issue."

Sec. 7941 provides: "When a party desires to have the exceptions taken at the trial settled in a bill of exceptions, the draft of a bill must be prepared by him and presented, upon notice of at least two days, to the district attorney, to the judge for settlement, within ten days after judgment has been rendered against him, unless further time is granted by the judge, or by a justice of the Supreme Court, or within that period the draft must be delivered to the clerk of the court for the judge. When received by the clerk, he must deliver it to the judge, or transmit it to him at the earliest period practicable. When settled, the bill must be signed by the judge and filed with the clerk of the court."

Sec. 7942 provides: "Exceptions may be taken by either party to the decision of a court or judge upon a matter of law in granting or refusing a motion for a new trial."

Sec. 7944 provides: "When a party desires to have the exceptions mentioned in the last two sections (one of which is sec. 7942) settled in a bill of exceptions, the draft of a bill must be prepared by him and presented, upon notice of at least two days to the adverse party, to the judge for settlement, within ten days after the order or ruling complained of is made, unless further time is granted by the judge, or by a justice of the Supreme Court, or within that period the draft must be delivered to the clerk of the court for the judge. When received by the clerk, he must deliver it to the judge, or transmit it to him at the earliest period practicable. When settled, the bill must be signed by the judge and filed with the clerk of the court."

Sec. 7945 provides: "A bill of exceptions must contain so much of the evidence only as is necessary to present the questions of law upon which the exceptions were taken, and the judge must, upon the settlement of the bill, whether agreed to by the parties or not, strike out all other matters contained therein."

Sec. 7946 provides: "When written charges have been presented, given or refused, the questions presented in such charges need not be excepted to or embodied in a bill of exceptions, but the written charges, with indorsements showing

the action of the court, form part of the record, and any error
in the decision of the court thereon, may be taken advantage
of on appeal, in like manner as if presented in a bill of ex-
ceptions.''

The statute thus provides that, in order to present to this
court the evidence in a criminal case, or the rulings and
decisions of the court in admitting or rejecting evidence, it is
necessary to incorporate in a bill of exceptions so much of
the evidence as is necessary to present the questions of law
upon which the exception is based. (Rev. Stat., secs. 7940,
7941 and 7945, *supra; State v. Dupuis,* 7 Ida. 614, 65 Pac.
65.)

The first and second alleged errors, not being saved by a bill
of exceptions as required by the statute, are not subject to
review by this court.

The third error assigned relates to certain comments made
by the prosecuting attorney upon the failure of the defend-
ant to produce certain witnesses, whom the defendant claimed
to be with him at the time he purchased the horse in ques-
tion. This exception is found in the bill of exceptions, but
as the bill of exceptions does not contain the evidence, it is
impossible for this court to determine the propriety of the
comments of the prosecuting attorney. We are not advised
what the evidence was; therefore cannot tell what it did
show or failed to show, and for that reason cannot determine
whether the prosecuting attorney's remarks were legitimate
argument, or otherwise.

The fourth error relates to a certain instruction given by
the court upon its own motion. An examination of the record,
however, does not disclose any exception taken to this in-
struction. By failing to except to the instruction at the time
it was given the defendant waives the right to allege the
giving of the same as error. In the case of *State v. Suttles,*
13 Ida. 88, 88 Pac. 238, in discussing this question, this court
said:

''While the statute gives the defendant an exception to all
instructions given upon request of the state, it is still obliga-
tory upon the defendant to except to any instruction given

by the court on its own motion at the time it is given, and if he fails to do so, he will be deemed to have waived any objection he had and to have been satisfied with the instruction at the time it was given. In order, therefore, to present his objection on appeal, it is necessary to take exception and have the same settled in a bill of exceptions.''

The instruction complained of is incorporated in what is denominated a bill of exceptions, but the bill of exceptions does not show that any exception was taken to this instruction at the time the same was given. Therefore, no error appears under this assignment.

Under the provisions of sec. 7996, subdivisions·7 and 8, the written charges asked and refused, and all charges given and the indorsements thereon, become a part of the record, and may be transmitted to this court upon appeal. To review the instructions given by the court on its own motion, the defendant must except to the giving of such instructions at the time given, and in order to present such exception on appeal it is necessary to have such exception incorporated in a bill of exceptions. The bill of exceptions may contain the instructions given with the exception, or may omit the instructions and identify the instructions by proper reference. It is sufficient if the bill of exceptions clearly shows the instructions given, and that the exception was taken at the time it was given. If the exception is not presented in this manner to this court, then the defendant will be deemed to have waived any objection to the giving of such instructions. (Rev. Stat., secs. 7940, 7996, 8051; *State v. Suttles,* 13 Ida. 88, 88 Pac. 238.)

Under the provisions of sec. 7946, instructions requested by either the state or the defendant, and refused, need not be excepted to or embodied in a bill of exceptions, but the instructions with indorsements showing the acts of the court form part of the record, and any error or decision of the court thereon may be taken advantage of on appeal in the same manner as if presented in a bill of exceptions. Thus, under the statute, instructions requested are deemed excepted to and become a part of the record, and may be re-

viewed on appeal without a bill of exceptions, while the action of the court in giving instructions on its own motion must be presented to this court by a bill of exceptions in order to have such action reviewed.

The fifth assignment of error relates to the refusal of the trial court to give the following instruction: ''The jury is instructed that the evidence before them is insufficient upon which to base a conviction and directs that they return a verdict of not guilty.'' But, as the evidence is not brought to this court, we are unable to determine whether or not this instruction would have been applicable to the evidence or not. We cannot say that the court erred in refusing to give this instruction, because we are not advised as to what evidence was before the court and the jury, or whether it authorized a conviction or acquittal. There is, however, another objection to this instruction, and that is that the statute does not authorize the trial court to instruct a jury to acquit.

Rev. Stat., sec. 7877, provides: ''If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant. But the jury are not bound by the advice.''

Under this statute, if the evidence is insufficient, the court may advise the jury to acquit, but the court is not authorized to instruct the jury to acquit. Subdivision 6, sec. 7855, reads: ''The judge must then charge the jury if requested by either party; he may state the testimony and declare the law, but must not charge the jury in respect to matters of fact.'' Had the court given this instruction, it would have violated this provision of the statute, as it would have directed the jury as to matters of fact. (*Territory v. Neilson,* 2 Ida. 614, 23 Pac. 537; *State v. Wright,* 12 Ida. 212, 85 Pac. 493.)

Appellant next alleges as error the refusal of the trial court to give the following instruction: ''The court instructs the jury that the possession of property, however recent, is not of itself a criminating circumstance, but to such evidence of possession must be added circumstances that will prove defendant's guilt beyond a reasonable doubt.'' This instruction is not a correct statement of the law, and also invades

the province of the jury in determining questions of fact. It tells the jury that the possession of property, however recent, is not of itself a criminating circumstance, and that to such evidence of possession must be added circumstances that will prove defendant's guilt beyond a reasonable doubt. As we understand the law, possession of property recently stolen is not evidence sufficient of itself to warrant a conviction but is a circumstance tending to show guilt, which, taken in connection with other evidence, is to determine the question of guilt. (*State v. Wright,* 12 Ida. 212, 85 Pac. 493.)    The court, however, had fully and correctly instructed the jury upon this question, and for that reason it was not error to refuse to give such instruction. (*State v. Rooke,* 10 Ida. 388, 79 Pac. 82.)

Instruction No. 3, requested by the defendant, is as follows: "The court instructs the jury that the fact of possession of the property of another is offset by the evidence of good character when such evidence of good character is believed." This instruction clearly invades the province of the jury, and is erroneous. The court, however, had fully instructed the jury upon the question of good character and the effect to be given to evidence in relation thereto. For both reasons the court committed no error in refusing such instruction.

Instruction No. 4, requested by defendant, is as follows: "The court instructs the jury that flight is an incriminating circumstance, and the lack of flight in the case presented by the State is a material lessening of the proof of guilt placed before you." This instruction, like those above, invades the province of the jury, and is not a correct statement of the law. To say that because the evidence of the state does not show flight that, therefore, the guilt of the defendant is very much lessened, is clearly invading the province of the jury in determining the effect to be given to flight or the effect to be given to the lack of flight. The court, however, has no power to say to a jury that one fact of evidence offsets or detracts from the force or effect of some other fact. This is one of the things the jury are required to determine in

order to reach a verdict. This instruction, therefore, clearly invades the province of the jury, and also is not a correct statement of the law, and the court committed no error in refusing to give the same.

The ninth error alleges that the court erred in pronouncing sentence against the defendant on the verdict herein. We are unable to determine just what counsel meant by this assignment. If it is meant that the evidence does not warrant the verdict, then it is answered by the failure to present to this court by proper bill of exceptions the evidence given at the trial. If it is because the jury were not properly directed as to the law, it may be answered by the record which shows that no exception was taken to the law as given by the court, and as to the instructions requested by the defendant, the court committed no error in refusing the same.

As a tenth assignment of error, counsel alleges that the court erred in refusing to admit the defendant to bail after sentence pending his appeal. The record does not show that the trial judge ever made any order with reference to bail, either in admitting or refusing bail. For that reason, the question of bail is not before this court for review. The action of the court with reference to bail cannot be reviewed upon appeal from the judgment. (Rev. Stat., sec. 8042, subdivision 3.)

We find no error in this record, and the judgment will be affirmed.

Ailshie, C. J., and Sullivan, J., concur.