(November 12, 1910.)

STATE, Respondent, v. FRED HARRIS, Appellant.

[111 Pac. 406.]

CRIMINAL LAW—BURGLARY—INSUFFICIENCY OF EVIDENCE—REQUESTED INSTRUCTIONS—INSTRUCTIONS GIVEN BY COURT ON ITS OWN MOTION —EXCEPTIONS TO.

(Syllabus by the court.)

1. The evidence *held* sufficient to support the verdict.

2. Where no exception is taken to the introduction of certain evidence and the admission thereof is not specified as error in the assignment of errors in appellant's brief, the admissibility of such evidence will not be passed upon on appeal.

3. *Held*, that the court did not err in refusing to give certain instructions requested by the defendant.

4. Under the provisions of sec. 7940, Rev. Codes, instructions given by the court on its own motion will not be reviewed on appeal unless exception thereto is duly taken and embodied in a bill of exceptions.

APPEAL from the District Court of the Third Judicial District of Ada County. Hon. Fremont Wood, Judge.

Defendant was convicted of the crime of burglary. Verdict and judgment sustained.

G. G. Adams, and Harry Keyser, for Appellant.

When the circumstances upon which a verdict is based can be as reasonably explained upon some other reasonable hy-

pothesis than that of the defendant's guilt, or as perfectly consistent with the defendant's innocence, then a new trial should be granted.  (*State v. Nesbit*, 4 Ida. 548, 43 Pac. 66; *State v. Marquardsen*, 7 Ida. 352, 62 Pac. 1034.)

To authorize a conviction on circumstantial evidence alone, the facts and circumstances shown by the evidence must be incompatible upon any reasonable hypothesis with the innocence of the accused.  (*State v. Levy*, 9 Ida. 483, 75 Pac. 227.)

Mere suspicions or probabilities, however strong, are insufficient to convict of crime.  There must be substantial testimony.  (*State v. McCarthy*, 36 Mont. 226, 92 Pac. 521; 14 Cent. Dig. 1263–1266.)

D. C. McDougall, Attorney General, J. H. Peterson, and O. M. Van Duyn, Assistants, for the State, cite no authorities.

SULLIVAN, C. J.—The defendant with three other defendants was charged with the crime of burglary alleged to have been committed on November 29, 1909.  Upon arraignment the defendants demanded separate trials, which were granted, and upon the trial of defendant Harris, he was found guilty as charged in the information, and was thereafter, on December 4th, 1909, sentenced by the court to be confined in the state penitentiary for a term of not less than ten years nor more than twenty-five years.  A motion for a new trial was overruled, and this appeal is from the judgment and order denying a new trial.

The errors relied on go to the insufficiency of the evidence to justify the verdict, the refusal of the court to give certain instructions requested by the defendant, and to certain instructions given by the court on its own motion.

It is contended by counsel for appellant that the evidence fails to identify the defendant as one of the persons who committed the offense charged in the information, and fails to connect the defendant with such crime, and that the evidence, taken as a whole, shows that the jury in arriving at a verdict accepted the conclusions of the witnesses in regard to the circumstances surrounding the crime charged, and based their

verdict upon such conclusions and not upon the facts and circumstances related by the witnesses.

We have carefully examined all of the evidence contained in the record, and find that it sufficiently identifies the defendant as one of the persons who committed the offense charged in the information and connects him with such crime, and that the evidence is sufficient to sustain the verdict of the jury.

Some question was raised on the oral argument as to the admissibility of certain evidence showing certain admissions made by the defendant. On an examination of the record, we find that no objection was made to that evidence and no exception taken to its introduction, and the admission of such evidence was not specified as error in the brief of appellant. This court is therefore not authorized to pass upon the admissibility of such evidence on this appeal.

As counsel for appellant have failed in their brief or in their oral argument before the court to point out or suggest any reasons why the court erred in refusing to give certain instructions requested by the defendant, for that reason alone we would be justified in not considering the specifications of error in regard to the refusal of the court to give the instructions requested by defendant. But upon an examination of those instructions, we find that the court did not err in refusing to give them.

As to the instructions given by the court on its own motion, this court held in *State v. Suttles*, 13 Ida. 88, 88 Pac. 238, that under the provisions of sec. 7940, Rev. Codes, a defendant is required to take exceptions to any and all instructions given by the court on its own motion that he deems prejudicial to him or contrary to law, and such exceptions must be embodied in a bill of exceptions in order to be reviewed on appeal. (See, also, *State v. Peck*, 14 Ida. 712, 95 Pac. 515.) As there were no exceptions taken to any of the instructions given by the court on its own motion, this court cannot review those instructions on this appeal.

Finding no error in the record, judgment must be affirmed, and it is so ordered.

Ailshie, J., concurs.