(March 3, 1911.)

STATE, Respondent, v. HARRY REEL, Appellant.

[113 Pac. 721.]

BURGLARY—CONVICTION OF—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.

(Syllabus by the court.)

1. The evidence *held* sufficient to sustain the verdict.

2. The instructions given by the court *held* to sufficiently cover the law of the case and that the court did not err in refusing to give certain instructions requested by defendant.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Fremont Wood, Judge.

Prosecution and conviction for the crime of burglary. *Judgment affirmed.*

G. G. Adams and Harry Keyser, for Appellant.

D. C. McDougall, Attorney General, O. M. Van Duyn and J. H. Peterson, Assistants, for Respondent.

Counsel cite no authorities on points decided.

SULLIVAN, J.—The appellant was informed against jointly with three others of the crime of burglary committed with explosives. Upon arraignment he demanded a separate trial, which was granted. Upon the trial he was found guilty on the 16th day of February, 1910, and was thereafter sentenced by the court to be confined in the penitentiary of the state for a term of not less than ten years. A motion for a new trial was denied. This appeal is from the judgment and from the order denying the new trial.

The assignments of error go to the sufficiency of the evidence to support the verdict and the refusal of the court to give certain requested instructions.

This court had before it at its September, 1910, term the case of *State v. Harris,* 18 Ida. 620, 111 Pac. 406. The defendant in that case was informed against in the same information and charged with the same crime as the defendant in this case. In that case this court held that the evidence was sufficient to support the verdict. In the case at bar the evidence was substantially the same as that in the case against Harris. On an examination of the evidence we find it amply sufficient to support the verdict. There is therefore no merit in the contention that the evidence is insufficient to support the verdict.

It is next contended that the court erred in refusing to give certain instructions requested by counsel for defendant. It is a well-settled rule of law that where the instructions to the jury fairly state the law on all of the issues involved, it is not error to refuse requests of the defendant even though they may be a repetition of the law of the case. On an examination of the instructions given, we find that they sufficiently cover the law of the case, and it was not error to refuse to give the instructions requested by defendant.

In the oral argument counsel for the defendant referred to the first sentence of the last instruction requested by the defendant, which is as follows: ''It is the policy of the law that it is better that ninety-nine guilty men should go free and unpunished than that one innocent man should suffer for an-

other's crime." The court did not err in refusing to give that instruction, as the sentence above quoted should not have been given as an instruction nor as a part of any instruction in this case. It is the duty of the court in its instructions to state the rules of law applicable to the evidence and not to give a dissertation on what some may conceive to be the policy of the law. It is the policy of the law to let no guilty man escape, but it would not be proper for the court to declare that policy in an instruction. Instructions requested by the defendant are properly refused when they are not based upon some evidence material to the controversy, although correct as abstract principles of law.

We find no reversible error in the record. The judgment is therefore affirmed.

Ailshie, Presiding J., and Budge, District Judge, concur.