N. H. Coop, Plaintiff in Error, *vs.* John Northcutt, Defendant in Error.

1. *Practice, civil—New trials—Newly discovered evidence—Affidavit.*—The granting of a new trial on the ground of newly discovered evidence, is a matter largely resting in the sound discretion of the court trying the cause, and the overruling of the motion is no error, where the plaintiff's affidavit does not show due diligénce, nor why he could not have procured this evidence at the trial.

2. *Practice, civil—Errors of the clerk—When corrected.*—The mistakes and clerical errors of the clerk of the court can be corrected at any time.

*Error to Washington Circuit Court.*

*J. R. Arnold,* for Plaintiff in Error.

*G. 1. Van Alen,* for Defendant in Error.

I. The correcting of a clerical error of the clerk in the judgment was right. (Gibson vs. Chouteau, '45 Mo., 170; Turner vs. Christy, 50 Mo., 145.)

II. There was no merit in the motion for a new trial. (Whittel. Mo. Prac., 461, and cases cited; Jaccard vs. Davis, 43 Mo., 535.)

Wagner, Judge, delivered the opinion of the court.

The objections raised in this case are unsubstantial, technical and frivolous. The action was originally instituted before a justice of the peace under the statute in reference to the claim and delivery of personal property.

The defendant had judgment, and on an appeal to the Circuit, where the trial was before a jury, the verdict was again in his behalf. Upon this verdict judgment was rendered. No instructions were asked for or given on either side, and no objections were made to any ruling of the court in the progress of the trial.

At the same term plaintiff filed a motion to set aside the verdict and grant him a new trial, for the reasons, that the verdict was against the weight of evidence; that some of the witnesses for the defendant swore falsely; and that after the trial he had discovered new evidence. This motion was continued over to the next term, and then overruled. The first

two reasons assigned in the motion cannot be considered in this court, and the third was a matter resting principally in the sound discretion of the court trying the cause.

The affidavit accompanying the motion did not show any diligence on the part of the plaintiff, nor show any good reason why he could not have found the evidence, and procured it to be used on the trial. We, therefore, see no error in the action of the court in this regard. At the next succeeding term of the court after the motion was overruled, it being the third term after the judgment was rendered, it was discovered that the clerk, in writing up the judgment, had made a clerical error by writing the word plaintiff where it should have been defendant.

The court ordered the mistake to be rectified. The plaintiff objected, and then filed his motion to set aside the judgment on the ground, that such alteration was illegally made, and on the further ground, that the court erred at the preceding term in overruling his motion for a new trial.

That the mistakes and clerical errors of the clerk can be amended and corrected at any time, is a principle too well settled to require argument or the citation of authorities. The judgment became final at the previous term, and hence no motion would lie to affect it at the time the last motion was filed.

With the concurrence of the other judges, the judgment will be affirmed.