(April 6, 1895.)

# STATE v. GRIFFIN.

[40 Pac. 58.]

PRACTICE—PRELIMINARY EXAMINATION—PROSECUTING OFFICER.—It is the province of the prosecuting officer to designate the precinct where, and the magistrate before whom, a preliminary examination upon a criminal charge shall be had, within the county wherein the offense is alleged to have been committed, and most convenient to a majority of the witnesses for the prosecution.
.(Syllabus by the court.)

APPEAL from District Court, Logan County.

Texas Angel, for Appellant.

The court erred in refusing defendant's motion to quash the information, on the ground that the defendant had not, prior to the filing of said information, had a preliminary examination before a magistrate, as required by law and was thereby deprived of a substantial right. (Const., art. 1, sec. 8; Laws 1890-91, secs. 6, 8, p. 186; Idaho Rev. Stats., sec. 7525; *State v. Braithwaite,* 3 Idaho, 119, 27 Pac. 731; *State v. Clark,* ante, p. 7, 35 Pac. 710.) The preliminary examination should have been held in the precinct where the offense was alleged in the complaint to have been committed. (Rev. Stats., sec. 7525.)

Attorney General George M. Parsons, for the State, filed no brief.

HUSTON, J.—The defendant was convicted, at the May term, 1894, of the district court for Logan county, of the crime of grand larceny. This appeal is from the judgment of conviction. The errors alleged are that the defendant did not have the preliminary examination provided by statute, in this: That the warrant of arrest was issued by and made returnable and the examination had before a justice of the peace of another precinct (in the same county) than that in which the offense was charged to have been committed. It is not charged

or contended but that the preliminary examination was in strict accordance with the provisions of the statute. It is contended that the defendant had the absolute right, under the statute, to insist upon an examination before a magistrate of the precinct in which the crime was charged to have been committed. This contention has nothing to support or recommend it. It is predicated upon the erroneous idea, which seems to have obtained in the minds of some people in this country, that the primary object of the criminal laws is the protection of criminals. The limit of the county is the limit of jurisdiction in matters of preliminary examinations, and the prosecuting officer will designate the precinct where, and the magistrate before whom, such examination will be had; "but all hearing on preliminary examinations must, as far as possible, be had before the magistrate most convenient to the majority of witnesses for the prosecution, unless, for good cause shown, it is ordered to be held elsewhere." (Rev. Stats., sec. 7525.) There being no error in the record the judgment of the district court is affirmed.

Morgan, C. J., and Sullivan, J., concur.