(November 18, 1901.)

## STATE v. McGANN.

[66 Pac. 823.]

INFORMATION—MOTION TO QUASH.—An information in a criminal case should not be quashed on the ground that a witness who testified that he was a physician, and lived in the county where the offense alleged was committed, did not state his occupation and place of residence.

SAME—ASSIGNMENT OF ERROR, HOW MADE.—One of the errors assigned is that the court refused to quash the information, on the ground that "the depositions do not state the ground on which a question put to the witness was overruled." *Held,* that this assignment of error is too general in its terms, and will not be reviewed on appeal.

CRIMINAL LAW—AMENDING CERTIFICATE OF COMMITTING MAGISTRATE— JURISDICTION.—The trial court permitted the committing magistrate to amend his certificate to the depositions taken before him at the preliminary examination at the county seat, which is outside his district, but in his county. *Held,* not error, and that the justice had jurisdiction to amend such certificate with leave of the court.

CRIMINAL LAW—INFORMATION—COUNTY OR PROSECUTING ATTORNEY.— A motion to quash an information in a criminal case, on the ground that the "prosecuting attorney" signed it as "county attorney," is properly denied.

CRIMINAL LAW—EVIDENCE.—It is not error for the trial court to permit a witness to show what part of the body of deceased a wound was inflicted by pointing out the corresponding part of his own body.

CRIMINAL INFORMATION—CORRECTING NAME OF WITNESS ON SAME.—It is not error to permit the prosecuting attorney to correct an error made in indorsing the name of a witness on an information where there is no showing that it misled or prejudiced the defendant.

EVIDENCE — CRIMINAL LAW.—The state was permitted to show that within less than a half hour after the homicide the accused tore down and burned a house upon the land over which the controversy between the accused and the deceased arose. *Held,* that such evidence was admissible for the purpose of showing the intent of the accused.

SAME.—Evidence of the reputation of a witness for peace and quietude is not, ordinarily, admissible in a prosecution of a defendant charged with homicide,

Assignment of Error.—Assignments of error must be sufficiently spe-
cific to point out the particular error complained of, else same
will not be considered upon appeal.

Sufficiency of Exceptions.—An exception, and assignment of error
based thereon, to an instruction in a criminal case, on the ground
that it is oral, is not sufficient where it fails to state the sub-
stance of the instruction so that the appellate court may deter-
mine whether the so-called instruction is, in fact, an instruction
or statement by the trial court of the law of the case, or any por-
tion thereof.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

J. F. Ailshie, for Appellant.

The depositions taken at the preliminary examination and
the certificate of the magistrate made at the time do not comply
with sections 7571 and 7576 of the Revised Statutes in this:
The deposition of T. W. Nickel does not state the "business or
profession" of the witness and does not state "his place of re-
sidence." The depositions do not state the ground on which "a
question put to the witness was overruled." (*State v. Braith-
waite*, 3 Idaho, 119, 27 Pac. 731; *State v. Farris*, 5 Idaho,
666, 51 Pac. 772; *State v. Clark*, 4 Idaho, 7, 35 Pac. 711.)
The acts of a justice of the peace performed while out of his
precinct are void; and this is true whether they are judicial in
their character, *quasi* judicial or merely ministerial. (*Wilcox
v. Johnson*, 34 Kan. 655, 9 Pac. 612; *Phillips v. Thrall*, 26
Kan. 780; 12 Am. & Eng. Ency. of Law, 404, and note 5
thereto.) The complaint before the magistrate did not charge
the crime of murder and therefore did not give the magistrate
jurisdiction to hold a preliminary examination, and conferred
no jurisdiction on the prosecutor to file an information. (Rev.
Stats., secs. 7516, 7571; *Miller v. United States*, 8 Okla. 315,
57 Pac. 836.) To allow a witness to illustrate to the jury
evidence he obtained from an inspection of the body of the de-
ceased in the absence of the defendant is to allow the witness
to place his own construction upon the evidence and demon-
strate to the jury his individual theory of the case. (*People v.
Bush*, 68 Cal. 623, 10 Pac. 169, and case there cited.) The
court erred in overruling defendant's objection to the following

questions propounded by the state to the witness Herbert Leach and in permitting the witness to answer each: "What cabin?" "What did he do?" "Describe how he tore it down." "Who drove it after it was hooked on to the cabin?" "Did he do anything else with any other property around there?" This class of evidence tended to prejudice the jury against the defendant, was not a part of the res gestae, tended to establish the commission of another and separate offense, viz., arson. That the offense here proven was participated in by the witness and was directed against the property of a person other than the deceased. (Underhill on Criminal Evidence, secs. 86, 87; *People v. Jones,* 31 Cal. 571; 1 Greenleaf on Evidence, secs. 51, 52; Roscoe's Criminal Evidence, 7th ed., 80, and note; *People v. Baird,* 104 Cal. 462, 38 Pac. 310; *State v. Raynolds,* 5 Kan. App. 515, 47 Pac. 574.)

Frank Martin, Attorney General, for the State.

This court has held that technicalities or defects in the preliminary examination of the defendant will not render it invalid unless they actually prejudice the defendant or tend to his prejudice in respect to some substantial right. (*State v. Clark,* 4 Idaho, 7, 35 Pac. 710; *People v. Sehorn,* 116 Cal. 503, 48 Pac. 495; *People v. Rodrigo,* 69 Cal. 601, 11 Pac. 481.) There is no question but that the magistrate had a perfect right by leave of the court to amend his certificate so as to make it state the actual facts in regard to the taking of the depositions and to put it in such a form as the statute required. (*State v. Geary,* 58 Kan. 502, 49 Pac. 596; *People v. Lane,* 101 Cal. 513, 36 Pac. 16; *Ex parte Keil,* 85 Cal. 310, 24 Pac. 742.) "The limit of the county is the limit of jurisdiction in matters of preliminary examinations." (*State v. Griffin,* 4 Idaho, 462, 40 Pac. 58.) It will hardly be contended that should the county attorney by inadvertence or mistake omit from the information when it was filed the name of a witness then known to him, the name can never thereafter be properly indorsed upon the information and that the state would be deprived of the testimony he would give had his name been so indorsed. But

in such case the court unquestionably has the power in the exercise of a proper discretion, to permit such name to be indorsed and the witness to testify. (*State v. Calder*, 23 Mont. 504, 59 Pac. 903; *State v. Schnepel*, 23 Mont. 523, 59 Pac. 927; *People v. Jocelyn*, 29 Cal. 564.) It is often permissible upon the trial of a defendant to show the commission by him of another and separate crime where such crime has been committed in point of time close to the one for which he is being tried and tends to throw some light upon the offense for which he is being tried. (*People v. Walters*, 98 Cal. 138, 32 Pac. 864; *People v. Cunningham*, 66 Cal. 668, 4 Pac. 1144, 6 Pac. 700, 846; *People v. McGilver*, 67 Cal. 55, 7 Pac. 49.)

QUARLES, C. J.—The appellant was prosecuted in the district court in and for Idaho county upon an information of the prosecuting attorney charging the appellant with the crime of murder in the first degree, and was on the twenty-sixth day of May, 1901, found guilty of manslaughter by the jury, and thereafter was duly sentenced by the district court to serve a period of ten years at hard labor in the state penitentiary. From the judgment of conviction against him, appellant appeals to this court.

A number of assignments of error are made by appellant, based upon the action of the court before and during the trial, and duly excepted to by the appellant, all of which appears in appellant's bill of exceptions.

The first error assigned is the action of the court in overruling appellant's motion to set aside the information. This motion is based upon the ground that the depositions taken at the preliminary examination, and the certificate of the magistrate made at the time, do not comply with sections 7571 and 7576 of the Revised Statutes, in the following particulars: 1. The deposition of the witness Nickel does not state the business or profession of the witness, or his place of residence. 2. The deposition does not state the ground upon which one question put to one of the witnesses was overruled. 3. The certificate of the committing magistrate did not show that the witnesses were sworn before testifying, and failed to show other matters required to be shown by the statutes. 4. The amended

certificate signed by the committing magistrate was without jurisdiction. 5. The information was not presented or signed by any officer known to the constitution. 6. The complaint before the committing magistrate did not charge the crime of murder, for which reason the committing magistrate had no jurisdiction to hold a preliminary examination. Therefore the prosecuting attorney had no authority to file an information. The first ground of the motion is not well taken. The witness Nickel testified that he was coroner of the county, and was a practicing physician within that county. This objection is purely technical. The second ground of the motion is not sufficiently stated by the appellant. The ground as stated in his assignment of error is as follows: "The depositions do not state the ground on which a question put to the witness was overruled." The question overruled is not pointed out to this court. We do not feel that this assignment of error is sufficiently specific to require this court to look through the large number of depositions taken at the preliminary examination, and injected into the bill of exceptions in this case, for the purpose of ascertaining whether this assignment of error has any basis or not. In making such assignment counsel should have pointed out the particular deposition and folio in the transcript where the fact alleged could be ascertained. But, treating the assignment as correct, the objection is technical, and it is not claimed that any prejudice was done to the appellant either at the preliminary examination or at the trial. As to the third ground of the motion, it appears that the certificate made by the committing magistrate, and indorsed upon the deposition taken at the preliminary examination, was defective in several particulars, and that by leave of the district court the committing magistrate was permitted to, and did, amend his certificate so as to cure such defects. This ground of the motion to quash is based upon the idea that the amended certificate was made and signed by the committing magistrate at the county seat of Idaho county, which is outside of the precinct of the committing magistrate, and outside of the precinct where preliminary examination was had. Counsel for appellant seriously contends that the jurisdiction of the

committing magistrate was confined to his precinct, and that the magistrate had no jurisdiction or authority to sign such amended certificate at the county seat. We cannot agree with this contention. Neither the statutes nor our constitution limit the jurisdiction of a justice of the peace in preliminary examinations in criminal cases to the precincts for which they are elected. (See *State v. Griffin,* 4 Idaho, 462, 40 Pac. 58.) The next ground of the motion to quash the information is based upon the idea that the prosecuting attorney in and for Idaho county signed the information as follows: "W. N. Scales, County Attorney" —and that no such officer is known to our constitution. This objection is technical. Prior to the adoption of the constitutional amendment providing for county prosecuting officers, these duties devolved upon district attorneys, who were elected, one for each judicial district in the state. The constitutional amendment mentioned provided that prosecuting attorneys for each county should be elected every two years, and the resolution submitting the proposition of adopting the amendment to the people submitted this question to them, "Shall section 18 of article 5 of the constitution of the state of Idaho be so amended as to abolish the office of district attorney, and create the office of county attorney?" It is a matter of common knowledge that the office of prosecuting attorney is commonly called "county attorney," and while, to be technically correct, those acting in the capacity of county attorney should sign informations in criminal cases as prosecuting attorney, instead of county attorney, yet the signing as county attorney can only be considered as a technical error, which does not and cannot prejudice any right of the accused. The fifth and last ground of the motion, that the complaint before the committing magistrate did not charge the crime of murder, is not well taken, for the reason that it specifically charged the appellant with the crime of "unlawfully, feloniously, willfully, and with malice aforethought," murdering and killing one John L. Morrison with a deadly weapon, to wit, with a gun. This complaint was perhaps defective, yet no objection was raised to it by the appellant which is shown by the

record before us. The court properly overruled the motion to quash the information upon each and all of the grounds stated.

The second assignment of error is based upon the idea that it was error for the trial court to permit a witness for the state to illustrate to the jury the location of the wounds upon the deceased by pointing to corresponding portions of his own body. Counsel for appellant argued that appellant was unable to rebut such evidence. There is no merit whatever in this contention, and we are unable to see wherein the trial court erred in this particular.

The third assignment of error is based upon the fact that the name of the witness Will Richards was indorsed upon the information as Will Richardson. It appears that this error was made, but that at the trial the court permitted the prosecuting attorney to correct the error; and this action of the court, the learned counsel for the appellant insists, was error upon the part of the trial court, and such as would authorize a reversal of the judgment against the appellant. We cannot agree with this contention, nor do we see wherein the trial court erred in permitting the correction of the error upon the information to be made by the prosecuting attorney correcting the name of the witness Richards. It is not shown that such action prejudiced the appellant. It is argued, however, that it might prejudice him, and that this court should presume that it did prejudice him; but the rule has been so often and repeatedly announced by this court that prejudicial error must be made to appear affirmatively by the record that we feel it unnecessary to seriously consider this assignment of error.

The fourth assignment of error is based upon the action of the trial court in permitting the state to prove that immediately following the homicide the appellant tore down and destroyed with fire a cabin upon the ground which was the subject of the controversy between appellant, upon the one hand, and the deceased and others, upon the other hand. Counsel for appellant insists that this was a separate crime, and that the evidence of such was incompetent and prejudicial to the appellant. Counsel cited as sustaining this proposition some authorities which we have carefully considered, but which we

think fail to sustain this contention. Among other authorities cited upon this point are sections 51 and 52 of 1 Greenleaf on Evidence. In the following section (53) that author says: "In some cases, however, evidence has been received of facts which happened before or after the principal transaction, and which had no direct or apparent connection with it, and therefore their admission might seem at first view to constitute an exception to this rule. But those will be found to have been cases in which the knowledge or intent of the party was a material fact, on which the evidence, apparently collateral and foreign to the main subject, had a direct bearing, and was therefore admitted. Thus, when the question was whether the defendant, being the acceptor of a bill of exchange, either knew that the name of the payee was fictitious, or else had given a general authority to the drawer to draw bills on him payable to fictitious persons, evidence was admitted to show that he had accepted other bills, drawn in like manner, before it was possible to have transmitted them from the place at which they bore date. So, in an indictment for knowingly uttering a forged document or a counterfeit bank note, proof of the possession or of the prior or subsequent utterance of other false documents or notes, though of a different description, is admitted, as material to the question of guilty knowledge or intent. So, in actions for defamation, evidence of other language spoken or written by the defendant at other times is admissible under the general issue in proof of the spirit and intention of the party in uttering the words or publishing the libel charged; and this whether the language thus proved be in itself actionable or not. Cases of this sort, therefore, instead of being exceptions to the rule, fall strictly within it." This act follows immediately after the homicide, and the evidence tending to establish it was admitted by the district court for the purpose of showing the motive and intent of the defendant, and to show the existence of malice and guilty knowledge, and for such purposes was admissible.

The fifth and sixth assignments of error are similar to that of the fourth, and are not well taken.

The seventh assignment of error is based upon the action of the trial court in refusing to permit the witness Harris to testify in regard to a conversation between such witness and the witness Nels Hether in regard to the land over which the trouble arose, which conversation occurred some six weeks prior to the homicide. The court properly excluded such evidence, as it was hearsay, and did not prove or tend to prove any issue whatever in the case.

The eighth assignment of error is based upon the action of the district court in permitting witness Emily J. McGann, wife of the appellant, to answer questions showing that she had formerly been the wife of one Leach, and that she was living with appellant, as his wife, afterward and at the time of the homicide. These questions were preliminary in their character, and we fail to see wherein they were prejudicial to any right of the defendant, and do not think that the trial court erred in permitting the witness to answer such questions.

The ninth and tenth assignments of error are based upon the action of the district court in refusing to permit the witnesses Boudette and Gross to testify as to the reputation of another witness, Nels Hether—as to his being peaceable or otherwise. The action of the trial court in this particular was proper.

The eleventh assignment of error is based upon the action of the court in permitting a number of witnesses to testify, in effect, that the general reputation of the deceased in the neighborhood in which he lived was that of a quiet, peaceable, law-abiding citizen. This evidence was admitted by the trial court for the purpose of enabling the jury to ascertain the motive and intent of the deceased in the light of the surrounding circumstances, and we do not see how the appellant was prejudiced by this testimony.

The remaining assignments of error, so far as they touch the action of the trial court in permitting or rejecting the introduction of evidence, are similar to those heretofore passed upon, and none of them are well taken.

A number of assignments of error are based upon the action of the court in giving certain instructions and refusing others, all of which we have carefully considered, and are convinced

that the law of the case was correctly given by the court to the jury, and that those instructions asked by the appellant which accord with the law of the case, and which were not given in the words as requested by the appellant, were fully covered by the other instructions given by the court. We see no error in the instructions.

The last assignment of error is as follows: "The court erred in instructing the jury orally, without having first reduced the instructions to writing." This assignment of error is too general in its terms. Assignments of error should point out the particular error complained of. The above assignment of error does not point out specifically any particular error or wrongful action of the court. The broad charge is made that the court instructed the jury orally, without first reducing the instructions to writing. Counsel for appellant in his brief comments generally upon the duty of courts as to charging the jury in writing, but no instruction appears in the record which is shown to have been given orally by the court to the jury. The charge of the court found in the record is presumed to have been in writing, in the absence of a contrary showing. But, going outside of the assignment of error and brief of counsel for appellant, we find in the bill of exceptions the statement that, after the jury had been instructed and had retired to consider of their verdict, they returned into court, and one of the jurors asked the court as follows: "May I ask your honor for an explanation as to the consideration we are to give the testimony of the defendant, his wife, and his little boy?" Whereupon the court made some answer, but as to what the court did say to the jury we are not informed. The rule contended for by counsel for appellant, that the charge of the court, or instructions given to the jury, should be in writing, is correct. Section 7855 of the Revised Statutes provides the order of trials in criminal cases, and subsection 6 of same is as follows: "The judge must then charge the jury if requested by either party; he may state the testimony and declare the law, but must not charge the jury in respect to matters of fact; such charge must be reduced to writing before it is given, unless by the mutual consent of the parties it is given orally." There is no claim

that the voluminous instructions given by the court to the jury at the close of the arguments of the respective parties were not reduced to writing before the same were given. We are now asked to set aside a verdict of guilty and reverse this case on the ground that a juror asked the court the above question, to which the court made some verbal reply, unknown to us, and undisclosed in the record. We decline so to do. It is not shown whether the reply of the court to the juror was noted by the court reporter in the minutes or not; hence we should presume that this was done. In *State v. Preston,* 4 Idaho, 215, 38 Pac. 694, this court held that the statute creating the office of stenographic reporter requires him to take in writing all oral instructions given, and that this is a substantial compliance with the provisions of section 7855, subsection 6, of the Revised Statutes. We must presume, in the absence of a showing to the contrary, that no part of the law of the case was given to the jury orally by the court.

For the foregoing reasons, the judgment should be affirmed, and it is so ordered.

Sullivan and Stockslager, JJ., concur.