In re A. J. Tolman, Sheriff,

Petitioner to Amend Return.

Knox.    Opinion September 15, 1906.

*Court Records Amendable.    Amendment Within Judicial Discretion of Presiding Justice.    Notice to Adverse Party Necessary, When.    Practice.*

A court has power to allow its records to be amended in accordance with the fact.

Whether the proposed amendment shall be allowed upon proof of the necessary facts, saving the rights of all persons theretofore acquired in good faith, is within the sound judicial discretion of the justice presiding at the hearing.

Where the record itself does not furnish the data for the amendment, but it depends upon extrinsic evidence, notice should be given to the adverse party that he may have an opportunity to be heard.

On exceptions by plaintiff.    Sustained.

Petition by A. J. Tolman, sheriff of Knox County, asking to amend his return of the sale of an equity of redemption on an execution so as to make it conform to the facts.

At the hearing in the court of the first instance, and which hearing was without notice to those adversely interested, the presiding Justice ruled "as a matter of law that the petition could not be maintained, and that the officer could not amend his return in accordance with the facts."    To this ruling the plaintiff excepted.    The bill of exceptions further states that this ruling was made without regard to the question of notice.

The case sufficiently appears in the opinion.

*R. I. Thompson and Joseph E. Moore*, for plaintiff.

*Arthur S. Littlefield and Allan L. Bird* appeared as "amici curiae."

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

POWERS, J. Petition by the sheriff to amend his return upon an execution so as to make it conform to the fact. At the hearing, which was without notice to those adversely interested, the presiding Justice ruled "as matter of law that the petition could not be maintained, and that the officer could not amend his return in accordance with the facts." To this ruling the petitioner excepted; and the exceptions further state that the ruling was made without regard to the question of notice.

The execution had been returned and had become a part of the records of the court. In effect the ruling denied the power of the court to allow its records to be amended in accordance with the fact. Such a doctrine cannot be supported upon either reason or authority. The power of a court to permit its records to be amended so that they shall conform to the fact, and speak not falsehood but the truth, has been so universally asserted, and exercised in such innumerable instances, that it must now be regarded as settled law requiring no citation of authorities in its support. Whether the proposed amendment shall be allowed upon proof of the necessary facts, saving the rights of all persons theretofore acquired in good faith, is within the sound judicial discretion of the justice presiding at the hearing; but we are aware of no instance, in which his want of power to allow such amendments upon notice, hearing and proof, has been successfully asserted. The very object of a court's records is to preserve proof of the fact, the truth; and it would be strange indeed, and subversive of justice itself, if the court had no power to prevent the perversion of its records to the perpetuation of error and falsehood.

This disposes of the case before us, but, as it must go back to nisi prius for further proceedings, it may not be improper to add that where the record itself does not furnish the data for the amendment, but it depends upon extrinsic evidence, notice should be given to the adverse party that he may have an opportunity to be heard.

*Exceptions sustained.*