Points Decided.

(February 23, 1922.)

STATE, Respondent, v. ED. W. DOUGLASS, Appellant.

[208 Pac. 236.]

COURTS OF RECORD—INHERENT POWER TO CORRECT RECORDS—NOT LOST BY LAPSE OF TIME — LIMITED TO WHAT WAS ACTUALLY DONE — PLEA OF FORMER ACQUITTAL — MUST BE TRIED BY JURY UNLESS WAIVED — MISCONDUCT OF PROSECUTING ATTORNEY — WHEN REVERSIBLE ERROR.

1. Every court of record has the inherent power to correct its records so that such records will correctly show the orders and directions which were in fact made by the court, and this power is not lost by the lapse of time.

2. The power of a court to amend its record is limited to making such record correspond to the actual facts, but it cannot under the form of amending its records correct judicial errors or make of record an order or judgment not in fact given.

3. A plea of former acquittal presents an issue of fact that must be tried by a jury, unless such trial be waived.

4. Where a plea of former acquittal has been entered, it is error for the court to instruct the jury to find against the defendant on such plea.

5. Where the evidence relied upon for conviction by the state is of such character that the purity of the verdict might have been affected by the alleged misconduct of the prosecuting attorney, such verdict will be set aside.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Prosecution for the crime of burning hay. Defendant was convicted, and appeals. *Reversed,* with instructions for new trial.

Publisher's Note.

1. Sufficiency of evidence to authorize *nunc pro tunc* amendment of record, see note in Ann. Cas. 1915D, 681.

E. P. Barnes, for Appellant.

The question as to whether a person on trial has been tried previously for the same offense is a question of fact to be determined partly by the record of the former proceeding and partly by evidence outside the record. (16 C. J. 426; *Sweeney v. State,* 16 Ga. 467, 468; *Goode v. State,* 70 Ga. 752, 754.)

The authority of a court to amend its record by a *nunc pro tunc* order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken, and cannot supply omitted action by the court. (*Liddell v. Landau,* 87 Ark. 438, 112 S. W. 1085; *Tucker v. Hawkins,* 72 Ark. 2, 77 S. W. 902; 15 C. J. 973.)

The court has no authority to amend its minutes after the expiration of the term. (15 C. J. 977; *Heaston v. Cincinnati R. R. Co.,* 16 Ind. 275, 79 Am. Dec. 430; *Perry v. Kaspar,* 113 Iowa, 268, 85 N. W. 22; *Sydnor v. Burke,* 4 Rand. (Va.) 161; *State v. Griffin,* 4 Ida. 461, 40 Pac. 60.)

Flagrant misconduct of the prosecuting attorney in the trial of a criminal case demands that a verdict so procured be set aside and a new trial awarded. (*State v. Irwin,* 9 Ida. 35, 71 Pac. 608, 60 L. R. A. 716; *State v. Givens,* 28 Ida. 253, 152 Pac. 1054; *People v. Valliere,* 127 Cal. 65, 59 Pac. 295; *State v. Rodriquez,* 31 Nev. 342, 102 Pac. 863; *Watson v. State,* 7 Okl. Cr. 590, 124 Pac. 1101; *Flege v. State,* 93 Neb. 610, 142 N. W. 276, 47 L. R. A., N. S., 1106; *State v. Harness,* 10 Ida. 18, 76 Pac. 788; *State v. Moon,* 167 Iowa, 26, 148 N. W. 1001, and cases cited; *Leo v. State,* 63 Neb. 723, 89 N. W. 303, and cases cited; *Yeldell v. State,* 100 Ala. 26, 46 Am. St. 23, 14 So. 570; *People v. Mitchell,* 62 Cal. 411; *State v. Carpenter,* 51 Ohio St. 83, 46 Am. St. 556, 37 N. E. 261; *Furbush v. Maryland Cas. Co.,* 131 Mich. 234, 100 Am. St. 609, 91 N. W. 135; Haynes, New Trial & Appeal, sec. 50, pp. 244–249, incl.; also p. 254.)

A new trial will be granted when the jury has been guilty of any misconduct by which a fair and due consideration of the case has been prevented. (Sec. 9017, subds. 1 and 3; *State v. Baker,* 28 Ida. 727, 156 Pac. 103; *Palmer v. Utah*

*etc. Ry. Co.,* 2 Ida. 315, 13 Pac. 425, and cases cited; *State v. Irwin, supra; State v. Tilden,* 27 Ida. 262, 147 Pac. 1056; *Burke v. McDonald,* 3 Ida. 296, 29 Pac. 98; *People v. Tipton,* 73 Cal. 405, 14 Pac. 894; *Vollrath v. Crow,* 9 Wash. 374, 37 Pac. 474; *Veneman v. McCurtain,* 33 Neb. 643, 50 N. W. 955; Haynes, New Trial & Appeal, sec. 68, pp. 329, 330, and cases cited; also sec. 159; Spelling, New Trial & Appellate Practice, sec. 80, pp. 143, 144.)

Prejudicial communications are presumed from improper association without more appearing. (Spelling, New Trial & Appellate Practice, sec. 167, and cases cited; *Tarkington v. State,* 72 Miss. 731, 17 So. 768.)

A plea of former acquittal raises an issue of fact that must be tried by a jury. (*State v. Gutke,* 25 Ida. 737, 139 Pac. 346; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511; C. S., sec. 8904; *Commonwealth v. Merrill,* 90 Mass. (8 Allen) 545; *State v. Priebnow,* 16 Neb. 131, 19 N. W. 628; *State v. Johnson,* 11 Nev. 273; *Grant v. People,* 4 Park. Cr. R. (N. Y.) 527; *Miller v. State,* 3 Ohio St. 475; *People v. Hamberg,* 84 Cal. 468, 24 Pac. 298; *State v. Irwin,* 17 S. D. 380, 97 N. W. 7; *Bush v. State,* 55 Neb. 195, 75 N. W. 542; *McGinnis v. State,* 17 Wyo. 106, 96 Pac. 525.)

There is no authority under the constitution, statutes or decisions of this state for a trial court to take an issue of fact away from the jury in a criminal case by a peremptory instruction. (C. S., secs. 8941, 8963, subd. 6; *Territory v. Nelson,* 2 Ida. 614, 23 Pac. 537; *State v. Wright,* 12 Ida. 212, 85 Pac. 493; *State v. Downing,* 23 Ida. 540, 130 Pac. 461; *State v. Peck,* 14 Ida. 712, 95 Pac. 515.)

Roy L. Black, Attorney General, Jas. L. Boone, Assistant, and Elbert S. Delana, Pros. Atty., for Respondent:

A court has authority to amend its records by a *nunc pro tunc* order to make them speak the truth. (Sec. 6477, C. S.; *State v. Winter,* 24 Ida. 749, 135 Pac. 739; *Aetna Fire Ins. Co. v. Boon,* 95 U. S. 117, 24 L. ed. 395; 24 Am. & Eng. Ency. of Law, 2d ed., 177; *Lynah v. United States,* 106 Fed. 121; *Kaufman v. Shain,* 111 Cal. 16, 52 Am. St. 139, 43

Pac. 393; *Gagnon v. United States*, 193 U. S. 451, 24 Sup. Ct. 510, 48 L. ed. 745; *People v. Ward*, 141 Cal. 628, 75 Pac. 306; *Coop v. Northcutt*, 54 Mo. 128; *In re Tolman*, 101 Me. 559, 64 Atl. 952; *Walch v. Colby*, 153 Mich. 602, 126 Am. St. 546, 117 N. W. 207; *Bolden v. Jennings*, 92 Ark. 299, 122 S. W. 639; *Clark v. Bank of Hennesy*, 14 Okl. 572, 2 Ann. Cas. 219, 79 Pac. 217; 7 R. C. L. 1020; 15 C. J. 975; *Karrick v. Wetmore*, 210 Mass. 578, 97 N. E. 92; *White v. East Side Mill Co.*, 84 Or. 224, 161 Pac. 969; *Currey v. Butte Electric Ry. Co.* (Mont.), 199 Pac. 245.)

Where a plea of former acquittal has been made, based on the dismissal of an information upon a motion to quash, the court may direct the jury to find the issue raised by the plea in favor of the state. (*State v. Springer*, 40 Utah, 471, 121 Pac. 976; *People v. Ammerman*, 118 Cal. 28, 50 Pac. 15; *Storm v. Territory*, 12 Ariz. 26, 94 Pac. 1099; *People v. Eppinger*, 109 Cal. 294, 41 Pac. 1037; *People v. Varnum*, 53 Cal. 630; *People v. Helbing*, 61 Cal. 620; *People v. Clark*, 67 Cal. 99, 7 Pac. 179; *Huey v. State*, 88 Tex. Cr. 377, 227 S. W. 186, 12 A. L. R. 1003; 16 C. J., sec. 772; *People v. Palassou*, 14 Cal. App. 123, 111 Pac. 109; *People v. Cummings*, 123 Cal. 269, 55 Pac. 898; *Territory v. West*, 14 N. M. 546, 99 Pac. 343; *People v. Wilkinson*, 30 Cal. App. 473, 158 Pac. 1067; *Ex parte Hironymous*, 38 Nev. 194, 147 Pac. 453. See, also, *Jeter v. District Court* (Okl.), 206 Pac. 831; *State v. Thompson* (Utah), 199 Pac. 161.)

Improper conduct of prosecuting attorney is usually cured by immediate verbal direction on the part of the court to the jury to disregard the same. (16 C. J. 917, sec. 2271, note 67.)

LEE, J.—On November 4, 1917, a criminal complaint was filed before a magistrate of Ada county, charging appellant Ed. W. Douglass under C. S., sec. 8556, with having feloniously set fire to and burned a stack of hay, the property of one Henry Blucher, and he was held to answer the charge in the district court of Ada county. On November 30th thereafter the prosecuting attorney of said county filed an

information charging appellant with having committed said offense on the fourth day of November. Appellant moved to set aside the information, which motion was sustained, and the clerk made an entry upon the minutes of the court January 9, 1918, to the effect that said information had been set aside.

On January 29th following, a second information was filed, wherein the offense was charged as having been committed on the fourth day of January, 1918, and to this information the appellant on the sixteenth day of March pleaded orally and in writing that he had already been acquitted of the offense charged, by the judgment of the court rendered on the ninth day of January, 1918, and further, that he was not guilty of the offense charged.

The cause was tried on April 2, 1918, and resulted in a disagreement. In September following the case was again tried, and a verdict of guilty returned. Thereafter a motion in arrest of judgment and a motion for a new trial having been overruled, from said verdict and judgment and the order denying a new trial this appeal is taken.

Appellant makes numerous assignments of error, but it will not be necessary to consider all of said assignments.

Appellant contends that the court is concluded by the entry made by the clerk as of January 9, 1918, wherein it is recited that: "In this cause the motion to set aside the information heretofore filed against the defendant having been heretofore argued and taken under advisement, the court at this time rendered its decision, to wit: The motion to set aside the information be and the same is hereby sustained."

C. S., sec. 8865, provides that if a motion to set aside the information is granted, the court must order that the defendant, if in custody, be discharged therefrom; or if admitted to bail, that his bail be exonerated; or if he has deposited money instead of bail, that the same be refunded to him, "unless it directs that the case be resubmitted to the same or another grand jury."

The court's attention was first directed to the manner in which its decision to set aside the information had been entered upon the minutes by the clerk, on April 8, 1918. The minutes of January 9th preceding, wherein the clerk had made the foregoing entry, had not been approved by the court, nor its attention called to the failure of the order to resubmit the cause to the examining magistrate. Upon the court's attention being called to this error in the minutes, it corrected the same by adding thereto the following:

"The present order of the court is that the motion to set aside the information be and the same is hereby sustained; that the case be and the same is referred back to the magistrate with instructions to make upon the depositions in the case a written order of commitment, showing for what offense the defendant is committed, and also with instructions to have the answers read back to the witnesses and to have the same subscribed by them.

"The above minutes of the court and journal entries are by me approved, settled and signed in open court, for the first and only time, on April 8, 1918, and constitute the original and only minutes of the proceedings had and taken before me as a judge of the above-entitled court, and of the proceedings had and taken before and by the division of the above-entitled court over which I presided, on and for said ninety-second judicial day of said term of said court, to wit: Jan. 9, 1918, and constitute the original and only journal entries of said proceedings. This action in approving, settling and signing the above minutes and journal entries is had and taken '*nunc pro tunc*' as of the date in question, to wit: Jan. 9, 1918.''

Appellant contends that the foregoing entry made January 9, 1918, by the clerk on the minutes is the legal record of the judgment and order of the court in quashing said information, and that since it does not show a resubmission of the cause to the committing magistrate, a motion to dismiss should have been sustained. It is further contended that the court was without jurisdiction to amend its minutes after the expiration of a term.

35 Idaho—10

It is clear from the record that the purpose of the court in making the *nunc pro tunc* order was to make the record speak the truth as to the proceedings had in sustaining the motion to quash the information, and that there was no intention or attempt to supply any omitted action, for in the written opinion of the court found in the record, directed to the respective counsel as of the date of the clerk's entry, the reasons are set forth for sustaining the motion to quash the information, and the manner directed in which the cause should be resubmitted to the committing magistrate. Furthermore, at the trial the defendant orally examined the judge of said court, whose testimony was conclusive that an order of resubmission was made at the time the information was quashed, and that the clerk's minutes of the proceedings of January 9, 1918, do not state the entire order as made on that day.

C. S., sec. 6477, provides that: "Every court has power: . . . . 8. To amend and control its process and orders, so as to make them conformable to law and justice."

In *State v. Winter,* 24 Ida. 749, 135 Pac. 739, it is said that: "It is a familiar and established doctrine that courts always have jurisdiction over their own records to make them conform to the facts and what was actually done at the time."

In *Gagnon v. United States,* 193 U. S. 451, 24 Sup. Ct. 510, 48 L. ed. 745, it is held that the power to amend its own records to correct mistakes of the clerk or other officers of the court, inadvertencies of counsel, or to supply defects or omissions of the record, even after the lapse of the term, is inherent in courts of justice.

In *Kaufman v. Shain,* 111 Cal. 16, 52 Am. St. 139, 43 Pac. 393, it is said that every court of record has inherent right and power to cause its acts and proceedings to be correctly set forth in its records. The clerk is but an instrument and assistant of the court, and his duty is to make a correct memorial of its orders and directions, and whenever it is brought to the knowledge of the court that the record does not correctly show the orders or directions which were

in fact made by the court at the time they were given,. the authority of the court to cause its records to be corrected in accordance with the facts is undoubted.

To the same effect are the following cases: *Wright v. Nicholson,* 134 U. S. 136, 10 Sup. Ct. 487, 33 L. ed. 865; *Gonzales v. Cunningham,* 164 U. S. 612, 17 Sup. Ct. 182, 41 L. ed. 572; *United States v. Vigil,* 10 Wall. 423, 19 L. ed. 954; *Balch v. Shaw,* 7 Cush. (Mass.) 282; *Frink v. Frink,* 43 N. H. 508, 80 Am. Dec. 189.

In the exercise of this power the court is not authorized to do more than make its records correspond to the actual facts, and cannot under the form of amendment of its records correct a judicial error, or make of record an order or judgment that was in fact never given. The power of a court to change its judgment, as well as the time within which such change can be made, depends upon different principles.

In the case at bar, it was clearly within the power of the trial court to correct its record so as to make it conform to the actual order made, even after the close of the term. The power of the court to make such corrections is not lost by lapse of time. (*Coop v. Northcutt,* 54 Mo. 128; *In re Tolman,* 101 Me. 559, 64 Atl. 952; *Bouldin v. Jennings,* 92 Ark. 299, 122 S. W. 639.) This power extends to criminal as well as civil cases. (*State v. Winter, supra; People v. Ward,* 141 Cal. 628, 75 Pac. 306.)

In addition to his plea of not guilty, appellant also pleaded former acquittal, and the court instructed the jury that they should find against the defendant upon this latter plea. In this we think the court erred.

C. S., sec. 8903, provides that: "An issue of fact arises: . . . . 2. Upon a plea of former conviction or acquittal of the same offense."

C. S., sec. 8904, requires that in criminal cases: "Issues of fact must be tried by a jury, unless a trial by jury be waived. . . . . "

The learned trial judge appears to have taken the view that he was warranted in instructing the jury to find against the

appellant upon his plea of former acquittal, for the reason that the evidence offered in support of such plea was not admitted.

In *State v. Gutke,* 25 Ida. 737, 139 Pac. 346, this court held that: "Where a defendant on a criminal trial enters a plea of not guilty and also of former acquittal, the jury should be instructed by the trial judge to render a verdict on both pleas, and it is error for the court to accept a verdict of guilty without also requiring the jury to return a verdict on the defendant's plea of former acquittal."

In *State v. Crawford,* 32 Ida. 165, 179 Pac. 511, it is said that: "A demurrer to a plea in a criminal case is unknown to the law of Idaho, and an order sustaining such a demurrer is a nullity and does not dispose of the plea. A plea of once in jeopardy presents an issue of fact to be tried by a jury, unless trial by jury be waived as by law provided, and a judgment of conviction entered while such plea is pending will be reversed."

We think that the trial judge was without authority to take the issue of fact raised by defendant's plea of former acquittal from the jury.

In *State v. Peck,* 14 Ida. 712, 95 Pac. 515, it was held under C. S., sec. 8963, that: "An instruction directing a jury to acquit is erroneous, as the court is only authorized to advise the jury."

If a trial court is without authority to instruct a jury to acquit, *a fortiori* it is without authority to direct a jury to find against a defendant, either upon his plea of not guilty or of former acquittal. (*Territory v. Neilson,* 2 Ida. 614, 23 Pac. 537; *State v. Wright,* 12 Ida. 212, 85 Pac. 193; *State v. Downing,* 23 Ida. 540, 130 Pac. 461.)

Appellant also assigns as error misconduct of the prosecuting attorney. In order to properly consider this assignment, the facts and circumstances upon which the state relies for a conviction should be taken into account.

Appellant had been employed by the prosecuting witness, Blucher, to feed and care for sheep upon Blucher's farms, and later assisted in looking after these sheep while on the

public range, until some time in the latter part of September, 1917. Appellant having expressed some dissatisfaction at being required to take charge of a band of sheep without the assistance of a certain dog he had been accustomed to have, he appears to have offended Blucher, who discharged appellant and brought him from the summer range to his home in Boise, which required a day's drive in Blucher's automobile. Upon their arrival at Boise, Blucher and appellant amicably settled their accounts, without any apparent feeling of ill will manifested on the part of either of them.

Soon after appellant left Blucher's employ he secured employment upon the Haga ranch, which was in the direction of, but some miles from, the Blucher ranch, where the hay was burned on the night of November 4, 1917.

The state offered no direct evidence tending to show that appellant had been in the vicinity of this haystack at or near the time it was destroyed. The fire occurred some time between 2 and 3 o'clock Sunday morning, November 4, 1917, and upon Blucher, who lived in Boise, being notified by his foreman that this hay had been burned, he, with the sheriff and others, repaired to the vicinity of the destroyed haystack. There they discovered the footprints of a man leading to and from the enclosure containing this haystack, to the outside inclosure of Blucher's field, where it appeared that a mare had been tied to the fence. These footprints had been made by a person wearing hobnailed shoes. It was claimed by the state's witnesses that the tracks of the animal in question were of a peculiar form and size, by which they could be readily traced, and that they were traced through the sage-brush and over the public highway to the Haga ranch, where a riding pony was kept which made a similar track. It was also claimed that the track of this animal corresponded in size with the track that had been traced from the vicinity of the burned haystack, and Blucher made a memorandum of the dimensions of the animal's track, putting the same in a note-book. The appellant, who was in a tent near the house on the Haga ranch, had on a pair of

hobnailed shoes which it is claimed corresponded with the tracks found at the haystack.

Later in the day the sheriff and others went to the vicinity of this fire, together with a special agent of the department of justice, and they made, or attempted to make, plaster casts of the footprints of the person and of the animal found there. The testimony regarding these tracks and the plaster casts made from them constitute substantially all of. the evidence tending to connect the appellant with the commission of the crime.

During the trial of the cause, and after these plaster casts and other exhibits had been offered in evidence, together with a memorandum-book upon which the prosecuting witness had made some notations, evidently relating to the measurements made of the horse's tracks, only a part of which book had been admitted in evidence, and during a recess of the court, while the defendant and his counsel, the judge and a part of the jurors were absent from the courtroom, the prosecuting attorney passed to the remaining jurors these plaster casts and this memorandum-book for their inspection, and they proceeded to examine the same. Appellant's counsel, returning to the courtroom while the prosecuting attorney was in the act of handing out these exhibits to the jurors, remonstrated with him for having done so, and immediately reported the transaction to the judge, who was called back to the room, and promptly directed counsel for the state to remove from the memorandum-book which he had given to the jurors that part which had not been introduced in evidence. These facts were brought into the record by the affidavits of appellant's counsel and of the deputy clerk, and subsequently settled in a bill of exceptions.

These affidavits show that counsel for the state, while in the act of handing these exhibits and the memorandum-book to the jury, was talking to them, but none of the affiants were able to state what, if anything, he said. In his counter-affidavit, the prosecuting attorney denies having said

anything to said jurors other than to say, "Here are the rest of the exhibits," or words of similar import.

Appellant further complains that the prosecuting attor- · ney, in his closing argument, imputed to the appellant the use of vile language at the time of the conversation between Blucher and appellant in September preceding, when Blucher told appellant that his services would no longer be required, and that he would take him to Boise on the following day. Evidently the purpose of imputing to appellant the use of the objectionable language was to create in the minds of the jurors the impression that appellant harbored such ill will toward Blucher, the prosecuting witness, as would cause him to use this alleged bad language, and showed a motive for burning Blucher's hay. Exception was taken by appellant's counsel, but the prosecuting attorney insisted that it should be left to the jury to determine whether or not the appellant had used such language. The reporter was called and the record read, and it was ascertained that no such language, or language of an offensive character, had been used by appellant.

In *State v. Irwin*, 9 Ida. 35, 71 Pac. 608, 60 L. R. A. 716, the authorities are extensively reviewed, and the rule is there announced by this court that: "It is the duty of the prosecutor to see that a defendant has a fair trial, and that nothing but competent evidence is submitted to the jury, and above all things he should guard against anything that would prejudice the minds of the jurors, and tend to hinder them from considering only the evidence introduced. . . . . He should never seek by any artifice to warp the minds of the jurors by inferences and insinuations."

In *State v. Givens*, 28 Ida. 253, 152 Pac. 1054, it was said to be highly prejudicial to the substantial rights of the appellant, and to constitute reversible error, for the prosecuting attorney, in his final argument, to impute to the defendant on trial the crime of embezzlement, when there was no evidence in the record to sustain such charge.

It is doubtless true that where the evidence is so strong and convincing that the jury could not have reached any

other verdict than that of guilty, taking into consideration all of the circumstances, misconduct of the prosecuting attorney, even though flagrant, may not justify a reversal on this ground. But where, as in this case, the evidence is purely circumstantial, and not of a positive character, the misconduct of the prosecuting attorney may have influenced the verdict of the jury; and even though the trial judge has attempted by instructions to cure the same, the jury may retain such an impression that it may well be said that the misconduct, rather than the evidence, was the determining factor in their decision.

In *State v. Tilden,* 27 Ida. 262, 147 Pac. 1056, this court approves the language of Chief Justice Sharkey in *Hare v. State,* 4 How. (Miss.) 187, which might be applied to the alleged misconduct of both the prosecuting attorney and the jury in this case. The rule as there announced is thus stated: ''If the purity of the verdict *might* have been affected, it must be set. aside; if it could not have been affected, it will be sustained.''

When the foregoing facts and circumstances are taken into account, we think it may fairly be said that the purity of the verdict in this case might have been affected by the conduct of the prosecuting attorney and of the jurors, who not only received and examined exhibits during the recess of the court, contrary to its admonition, but were also given said memorandum-book that had not been admitted in evidence.

For the foregoing reasons, the judgment of the lower court is reversed and the cause remanded, with instructions to grant appellant a new trial.

Rice, C. J., concurs.

Dunn, J., concurs in the result.

Budge, J., did not sit at the hearing and took no part in the decision.

McCarthy, J., having presided at the trial below, took no part.

(June 29, 1922.)

ON REHEARING.

CRIMINAL LAW — TRIAL — PLEA OF FORMER ACQUITTAL — QUESTION OF LAW OR FACT—SETTING ASIDE INFORMATION—ORDER OF RESUBMISSION TO COMMITTING MAGISTRATE.

1. When the trial court, in setting aside an information, orders a resubmission to the committing magistrate, it is not error to incorporate in such order instructions to have the answers of the witnesses at the preliminary hearing read to them and to have the same subscribed by them.

2. When the record shows that a preliminary examination has been held and that the magistrate found that a public offense had been committed and that there was probable cause to believe the defendant guilty thereof, the trial court has authority, on quashing the information and referring the case back to the committing magistrate, to instruct such magistrate to make upon the depositions a written order of commitment, showing for what offense the defendant has been committed.

3. Whether a plea of former acquittal raises a question of law or fact depends on the circumstances of the case and should be determined by the rules and principles applicable to issues generally.

4. Where the issue raised by a plea of former acquittal involves solely a question of law and such question is determined adversely to defendant, the trial court may properly take such question away from the consideration of the jury or it may instruct the jury to find against the defendant on the plea of former acquittal.

5. Where the trial court, on setting aside an information, refers the case back to the committing magistrate, defendant cannot successfully plead former acquittal to a new information, since C. S., sec. 8867, provides that "an order to set aside an indictment, as provided in this chapter, is no bar to a future prosecution for the same offense."

FLYNN, District Judge.—On petition of the Attorney General a rehearing was granted. It is urged that this court erred in holding: (1) That a plea of former acquittal presents an issue of fact which must be tried to a jury; (2) That where a plea of former acquittal has been entered it is

error to instruct the jury to find against the defendant on
such plea; (3) That the purity of the verdict in this case
has been affected by the alleged misconduct of the prosecut-
ing attorney.

I am in accord with the original opinion of the court,
except in so far as it treats of the plea of former acquittal
and the action of the trial court thereon. The trial court
refused to admit in evidence the clerk's minute entry of
January 9, 1918, which erroneously failed to state the true
order made at that time, as shown by the *nunc pro tunc* order
subsequently made. The trial court also refused to give ap-
pellant's requested instructions relating to the plea of former
acquittal and instructed the jury to find against appellant
on this plea. These rulings are assigned as error and will be
considered together after disposing of other points.

Since the reargument was not limited to the questions pre-
sented in the petition for rehearing, I find it necessary to
discuss other errors assigned by appellant. Appellant ob-
jected to any evidence on the ground that there was no valid
information filed and hence that the court lacked jurisdiction.
He contends that the trial court had no jurisdiction to order
a resubmission to the committing magistrate with the instruc-
tions shown in the *nunc pro tunc* order, but that its author-
ity is limited to sending the case back to the magistrate for
a new preliminary hearing. The justice's docket shows that
after examination of witnesses, the justice found that a pub-
lic offense had been committed, without stating what offense,
and that there was sufficient cause to believe defendant
guilty thereof and that it was ordered that defendant be held
to answer to the district court.

On granting the motion to set aside the information, the
trial court referred the case back to the magistrate with in-
structions to make upon the depositions a written order of
commitment, showing for what offense the defendant was
committed and also with instructions to have the answers
read back to the witnesses and have the same subscribed by
them. This court has held that the certificate of a com-
mitting magistrate to the depositions taken before him at a

preliminary hearing may be amended. (*State v. McGann*, 8 Ida. 40, 66 Pac. 823.)

Where the record shows that a preliminary examination has been held, that a public offense has been committed and that there is probable cause to believe the defendant guilty thereof, we see no reason why the trial court, on setting aside an information, may not order a resubmission to the committing magistrate for the purpose of correcting technical errors or informalities without the necessity of holding another preliminary hearing.

The order of resubmission made by the trial court indicates the grounds for setting aside the first information and wherein the commitment was irregular, and we hold that it was properly made. (*People v. Thompson*, 84 Cal. 598, 24 Pac. 384.)

The next question is whether the action of the trial court in setting aside the information amounted to an acquittal so as to afford a basis for appellant's plea of former acquittal. That an order setting aside an information is not a bar to a prosecution for the same offense is plainly indicated by C. S., sec. 8867, which so states. This has been held true under statutes identical with ours, even where no order of resubmission has been made, such as contemplated by C. S., secs. 8865 and 8866. (*People v. Ammerman*, 118 Cal. 23, 50 Pac. 15; *State v. Springer*, 40 Utah, 471, 121 Pac. 976.)

But, as we have found that an order of resubmission was made, it will not be necessary to pass on what would be the result if such order had not been made. Clearly, under the facts and the law, there was no basis for the plea of former acquittal.

Nevertheless, defendant claims that, having entered such plea, he is entitled to have the verdict of the jury thereon. Notwithstanding that C. S., sec. 8903, provides that an issue of fact arises on a plea of former conviction or acquittal, it is clear from reason and from the authorities that whether the plea raises an issue of law or fact depends on the circumstances of the case and should be determined by the rules and principles applicable to issues generally. (8

R. C. L., p. 120, ·sec. 92; *State v. Thompson* (Utah), 199i Pac. 161; *State v. Springer* (Utah), *supra; State v. Healy,* 136 Minn. 264, 161 N. W. 590; *People v. Ammerman, supra; People v. Wilkinson,* 30 Cal. App. 473, 158 Pac. 1067.)

Suppose that a defendant should interpose such plea with absolutely no basis therefor, or should offer no evidence of any prior prosecution, can it be reasonably contended that he would be entitled to have the jury pass on such plea? We think not.

Some courts have gone so far as to hold that the burden of establishing such plea is on the defendant. (*State v. Healy, supra; Ex parte Martin,* 34 Cal. App. Dec. 758, 197 Pac. 365.)

While we do not so hold, we believe that it is certainly incumbent on a defendant, relying on a plea of former jeopardy or acquittal or conviction, to adduce some evidence in support thereof before he is entitled to have the jury pass thereon. We hold that where the issue raised by a plea of former acquittal involves solely a question of law, as it does in this case, and such question is determined adversely to defendant, the trial court may properly withdraw the question from the consideration of the jury or it may instruct the jury to find against defendant on the plea of former acquittal. (*People v. Ammerman, supra; State v. Springer, supra; State v. Healy, supra; People v. Wilkinson, supra.*)

The case of *State v. Crawford,* 32 Ida. 165, 179 Pac. 511, merely holds that there is no authority in this state for the interposition of a demurrer to the plea of once in jeopardy and does not conflict with this opinion. In the case of *State v. Gutke,* 25 Ida. 737, 139 Pac. 346, there was ample evidence to sustain the plea of former acquittal and the failure of the jury to return a verdict thereon was held error. The latter case is certainly distinguishable from the one at bar, in which there is no evidence to sustain the plea.

For the other reasons stated in the original opinion, the judgment of the lower court should be reversed and the cause remanded, with instructions to grant appellant a new trial.

Budge and Dunn, JJ., concur.

RICE, C. J., Concurring.—I concur in the result. However, I do not understand that a plea of former acquittal, when in proper form, can involve solely a question of law, and that when such question is determined adversely to the defendant the trial court may properly take such question away from the consideration of the jury. Under C. S., secs. 8903 and 8904, a plea of former acquittal raises a question of fact which must be tried by the jury. In my opinion, the action of the trial judge in this case in instructing the jury that there was no evidence to support the plea of former acquittal, and directing the jury that it should find for the state on that issue, was proper. I do not think, under our statute, a trial court has authority to go further than that.

I am authorized to state that Justice Lee concurs in this opinion.

McCarthy, J., having presided at the trial below, took no part.